## RUDEN *vs.* THE STATE OF GEORGIA.

1. Where the record shows that there was a panel of forty-eight jurymen, whose names were called by the clerk, and a list of them was made out and furnished to counsel for the accused, but does not show whether or not the array was put upon the accused, this will furnish no ground for a new trial. The record being silent as to whether or not the array was put upon the accused, it will be presumed that this was done.

2. Where the superior courts had granted various charters and renewals of charters to express and other companies, as to which the superior court did not have jurisdiction at that time, the act of 1877, entitled "an act to ratify and confirm the orders and decrees of the superior courts of this state granting or renewing the existence of corporations, with all actions thereunder of every kind by

and with said corporations, and for other purposes," was not un-
constitutional as embracing more than one subject-matter.

(*a.*) After the passage of the act of 1877, a judgment of the superior
court previously granted, renewing the charter of an express com-
pany, was admissible in evidence.

December 19, 1884.

Jury and Jurors.  Practice in Superior Court.  Consti-
tutional Law.  Charters.  Corporations.  Before Judge
ADAMS.  Chatham Superior Court.  June Term, 1884.

To the report contained in the decision, it is only neces-
sary to add that the Southern Express Company was in-
corporated, by order of the superior court of Richmond
county, on July 5, 1861, for a period of fourteen years, and
that, on March 16, 1875, application was made for a re-
newal of the charter, and after publication, an order of
court was granted on May 14, 1875, renewing the charter.
The confirmatory act of 1877 was passed on February 13
of that year.

After conviction for embezzlement from the company,
defendant moved for a new trial, one ground being the
admission in evidence of this charter and renewal, and
another, because the court did not require the panel of
forty-eight jurors to be put upon the defendant after they
were called over by the clerk.  As to this ground, the
presiding judge certified as follows :

" When the forty-eight jurors were procured, the court
stated to counsel that the panel was complete, and had
them called.  The court then directed the clerk to hand
the counsel the list of the panel that was to try said cause,
which the clerk did.  The counsel took the list and made
no objection.  Thus the panel was put upon the prisoner.
We do not understand that any particular ceremony or
form of words is required.  We followed the invariable
practice as it has always obtained in this circuit.  Ample
opportunity was given counsel to challenge the array after
it was there put upon him.  No right of the defendant

was in the slightest degree disregarded. He waived arraignment and pleaded not guilty."

The motion was overruled, and defendant excepted.

ALFRED B. SMITH, by R. E. LESTER, for plaintiff in error.

W. G. CHARLTON, solicitor general, for the state.

BLANDFORD, Justice.

The plaintiff in error was indicted for embezzlement and found guilty.

The record shows that there was a panel of forty-eight men, whose names were called by the clerk of the court, and a list of the names of these were made out and furnished to counsel for the accused. There certainly was nothing wrong in this. Whether the array was put upon the accused or not the record is silent, and we will presume that this was done, when the record fails to show the contrary.

A charter granted by the superior court of Richmond county and a renewal thereof to the Southern Express Company was offered in evidence by the state. This was objected to by the accused, upon the ground that when this charter was renewed, the courts had no power or jurisdiction, under the constitution of this state, to grant or renew charters to express companies. This objection was overruled by the court, and this is the main ground of exception. The legislature, on the 13th of February, 1877, passed an act entitled an " act to ratify and confirm the orders and decrees of the superior court of this state granting or renewing the existence of corporations, with all actions thereunder of every kind by or with such corporations, and for other purposes." See acts of 1877, pages 34 and 35.

This act gave vitality to the charter of the Southern Express Company, and the same is constitutional, there being but one subject-matter in said act; it is a curing or healing statute, and such acts have ever been held to

be constitutional and within the power of the legislature. So we think the court did right to admit the evidence objected to.   See *Howell vs. The State*, 71 *Ga.*, 224; *Hope et al. vs. City of Gainesville*, 72 *Ga.*, 246; 61 *Ga.*, 20 This last case is fully reviewed in *Howell vs. The State*, cited *supra*, and does not conflict with what we now decide.

Judgment affirmed.