## 3120. SCHUMPERT *v.* THE STATE.

1. The statement of counsel for the accused, in the trial of a criminal case, that the accused demanded all of his legal rights, and would not waive anything, except a copy of the indictment and a list of the witnesses, was not sufficient to constitute a challenge to the array.

2. Upon the failure of the clerk of the court to furnish counsel for the defendant with a list of the jury, it is his duty to call the attention of the court to that fact, and failure to call the attention of the court to the omission of the clerk must be construed as a waiver of the right to be supplied with a list of the jury.

3. The evidence authorized the verdict.

DECIDED JULY ·25, 1911.

Accusation of sale of liquor; from city court of Sandersville—Judge Jordan. November 18, 1911.

*W. M. Goodwin,* for plaintiff in error.

*J. E. Hyman, solicitor,* contra.

RUSSELL, J. In regard to the general grounds of the motion for new trial, which were overruled, it is only necessary to say that a witness testified that he gave the defendant $1.25, told him to go and get him some whisky, and went off and staid about 30 minutes, and when he came back the defendant had the liquor for him. There was an effort to impeach this witness, but evidently the jury believed him; and that is an end of the matter, where the verdict is approved by the trial judge.

The motion for new trial as amended contains the following additional grounds:

"1st. Because the array of jurors in court, as movant contends, was not regularly and legally put upon the defendant; the following language, nor its equivalent, having been used in arraigning the defendant, nor after the arraignment of the defendant: 'These men, good and true, have been called to pass upon the question of your guilt or innocence in this case. If you have any objections to the array, make them now.' Movant had demanded, at the beginning of the case and upon announcing ready for trial, all his legal rights, and stated to the court that he would not waive anything, except a copy of the indictment and a list of the witnesses. Movant contends that the failure upon the part of the solicitor to use this language, or its equivalent in meaning, was a denial of his legal right to enter a challenge to the array of jurors in court.

"2d. Because counsel for the defendant, nor the defendant himself, were furnished with a list of jurors from which to strike a jury. Although the court ordered the list furnished, the fact that it was not furnished was a denial to the defendant of one of his legal rights, and of a trial by due process of law.

"3d. Because the defendant and his counsel, being without a list, were unable to strike a jury as is the plain intent of the law that he should have opportunity to strike in the most intelligent manner, and with an intelligence of those who were on the entire panel of jurors. When a single juror was called and passed upon separately, the defendant could not know just who would be called later, and in this way had no opportunity of estimating just what jurors he should strike with best advantage to himself, or of estimating the comparative value of the juror under consideration, without knowing the personnel of the entire panel. Under such circumstances, counsel for defendant could only say in response to what defendant did with the juror, 'We do not pass on this juror one way or another.'"

The presiding judge qualifies his approval of these grounds by the following statement: "Upon the call of the case for trial, counsel for the defendant stated to the court that he would waive nothing, save a copy of the accusation and a list of the witnesses. Thereupon the court ordered the defendant arraigned. In the arraignment of the defendant, the language, or its equivalent, the omission of which is complained of in the first ground of the amended motion, was not used. The court ordered the clerk to furnish counsel for the defendant with a list of the jury. The court then ordered that counsel strike the jury. Counsel stated that he did not wish to be placed in the attitude of either waiving any of his legal rights, or of acquiescing in the proceedings by striking the jury; whereupon the court ordered the jurors put upon their voir dire, and each juror put upon the defendant separately; counsel for defendant stating to the court that they would not pass upon the jurors so put upon him one way or the other. In this manner the jury was impaneled and sworn." As appears from the note of the court, each juror was put upon his voir dire, and this was all that the court was required to have done. The statement by counsel that he waived nothing was not specific enough to amount to a challenge to the array.

The further statement in the judge's note, that, "If counsel did not have a list of the jury, it was because he failed to call the attention of the court to the omission of the clerk to furnish the list," is self-explanatory. It was the duty of counsel to call the attention of the court to this omission, and the plaintiff in error can gain nothing by the fact that the court was not advised of the condition to which attention is called in the amended motion. The mere statement that the defendant waived nothing would not require the court to see that his order that a list of the jury should be furnished had been actually complied with, for he would have a right to presume that it had been obeyed.

*Judgment affirmed.*