**LEWIS v. HUDSPETH, Warden.**

**No. 1790.**

Circuit Court of Appeals, Tenth Circuit.

March 27, 1939.

Jesse A. Hall, of Leavenworth, Kan., for appellant.

Summerfield S. Alexander, U. S. Atty. (Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

On May 29, 1934, appellant was charged in an indictment containing two counts, involving offenses under Section 101, Title 18 U.S.C.A., which provides:

"Whoever shall *receive, conceal, or aid in concealing,* or shall have *or retain in his possession* with intent to convert to his own use or gain, any money, property, record, voucher, or valuable thing whatever, of the moneys, goods, chattels, records, or property of the United States, which has theretofore been embezzled, stolen, or purloined by any other person, knowing the same to have been so embezzled, stolen, or purloined, shall be fined * * *." (Italics supplied)

Appellant was found guilty by jury on both counts and duly sentenced to a term of imprisonment of five years on the first count and five years on the second count, the sentence imposed on the second count to commence at the expiration of that on the first count.

On February 22, 1935, the appellant was delivered into the custody of the respondent as warden of the United States Penitentiary at Leavenworth, Kansas, the appellee herein, where he has since been confined.

It appears that he has served five years less 480 days allowed by Section 710, Title 18 U.S.C.A., and less 117 days industrial good time allowed by Section 744a et seq., Title 18 U.S.C.A., his sentence beginning February 12, 1935. The actual time served prior to the time of suing out the writ of

habeas corpus is three years and five months, constituting the serving of a five-year term under the statute.

It is contended that said counts state the same offense, operating as double punishment, and that habeas corpus is the proper remedy to raise the question.

■ In determining whether the same transaction constitutes two or more distinct offenses, the test is as to whether each offense requires proof of any fact which the other does not. Chrysler v. Zerbst, 10 Cir., 81 F.2d 975; Belt v. Zerbst, 10 Cir., 82 F.2d 18; Norton v. Zerbst, Warden, 10 Cir., 83 F.2d 677; Weeks v. Zerbst, 10 Cir., 85 F.2d 996; Casebeer v. United States, 10 Cir., 87 F.2d 668; Tanchuck et al. v. United States, 10 Cir., 93 F.2d 534; Burton v. United States, 202 U.S. 344, 377, 26 S.Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362; Gavieres v. United States, 220 U.S. 338, 342, 31 S. Ct. 421, 55 L.Ed. 489; Morgan, Warden of U. S. Penitentiary, Leavenworth, v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153; Albrecht et al. v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505.

■ Two counts of an indictment charging separate and distinct federal offenses, the court having jurisdiction of the accused and of the offenses charged, and the sentences imposed being authorized by statute, on habeas corpus inquiry may not be made as to whether the proof supported the charges. Norton v. Zerbst, Warden, supra; Watkins v. Zerbst, Warden, 10 Cir., 85 F.2d 999; Murphy v. United States, 7 Cir., 285 F. 801; United States ex rel. Poch v. Hill, 3 Cir., 71 F.2d 906, certiorari denied Poch v. Hill, 293 U.S. 597, 55 S.Ct. 120, 79 L.Ed. 690.

Said Section 101, Title 18, U.S.C.A., includes two distinct offenses.

■ To convict the accused on the first count of feloniously retaining the possession of the stolen property, it was not necessary to prove that the accused knew the property was stolen at the time he received it, it being sufficient to establish that he retained it knowing of its stolen character.

■ To convict under the second count, it was essential to prove that the accused received and concealed the property, knowing the same was stolen at the time he received and concealed same.

■ The statute makes it a crime (1) to conceal or receive property, knowing the same was stolen, and (2) to retain property, knowing that the same was stolen, different proof being required as to the two counts.

The judgment of the lower court is affirmed.