34248, 34249.   ROBERTS *v.* THE STATE (two cases).

DECIDED SEPTEMBER 18, 1952.

*Edward J. Goodwin,* for plaintiff in error.

*Andrew J. Ryan Jr., Solicitor-General, Sylvan A. Garfunkel, Thomas M. Johnson Jr.,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The special grounds in both cases deal with objections to the testimony of a witness for the State that Richardson, a witness for the defendant, had his taxicab operator's permit revoked because of procuring women for prostitution, on grounds that this was not the highest and best evidence, and that it was prejudicial to the defendant. The witness had previously admitted that his permit was revoked, but contended that this was not the ground of revocation. This evidence had been admitted without objection. Code § 38-1802 provides as follows: "A witness may be impeached by disproving the facts testified to by him." While recognizing the rule that it is not competent to show conviction of a crime involving moral turpitude by parol evidence (*Corley v. State,* 64 *Ga. App.* 841 (3), 14 S. E. 2d, 121), for purposes of impeachment, it does not here appear that the revocation of the license involved a trial or conviction for any offense whatever. The manner in which licenses are revoked in the City of Savannah is not shown. The fact of the revocation was admitted by the witness, and the only contradiction is as to the reason for such revocation. It is not shown that the City of Savannah keeps records showing the reasons for revocation of taxicab driving permits. In any event, the fact that his permit was revoked is only collateral to the real issue in the case, it having been offered to reflect on the credibility of the witness, and has no bearing on the question of whether or not the defendant is guilty of the offense charged. "Where a matter is collateral to the real issues, and it comes in question, and

proof of it is admissible, it may be shown by parol evidence, and need not be established by documentary evidence." 1 Wharton's Criminal Evidence, 390, § 154; *Hyde* v. *State,* 70 *Ga. App.* 823 (29 S. E. 2d, 820) ; *James* v. *State,* 71 *Ga. App.* 867 (2) (32 S. E. 2d, 431).

■ The evidence was amply sufficient to authorize the jury to find both that the defendant was operating a lewd house and that she knowingly permitted the named witness to remain there for purposes of prostitution.

*Judgments affirmed. Gardner, P.J., and Carlisle, J., concur.*