### 46584. STUDDARD v. THE STATE.

DEEN, Judge. The defendant was tried on a two-count indictment charging him with larceny of an automobile and with possessing and using a Georgia motor vehicle license plate which had been issued for another car for the purpose of concealing and misrepresenting the identity of the motor vehicle upon which it was being used. The State proved that the vehicle in which the defendant was arrested and which he was driving was stolen and that the license plate attached to it was stolen from another vehicle. The defendant was acquitted on the larceny count and convicted of unlawful use of the license plate. *Held:*

It is quite possible that the defendant might have stolen or otherwise obtained possession of the license plate and was using it to conceal the identity of the stolen car without himself having stolen the automobile, but he could not be guilty of such unlawful use unless he knew the vehicle was stolen by someone.

The jury verdict as to Count 1 establishes that the defendant did not steal the automobile which he was driving. But he could not use the license plate for the purpose of misrepresenting the identity of the vehicle without some guilty knowledge of the true identity of the vehicle, which, if he had such knowledge, would put him in a position similar to that of a receiver of stolen goods knowing them to have been stolen. An innocent use of the license plate, even if it had been stolen, or a use for another purpose than that of concealing the identity of the vehicle would not be sufficient to sustain a conviction. The only evidence connecting the defendant in any way with either crime was his recent possession, but possession alone is insufficient to convict where the defendant is not the thief and knowledge that the goods were stolen must be proved. *Clarke v. State,* 103 Ga. App. 739 (4) (120 SE2d 673). Since the license plate was attached to the car and there is no evidence from which an inference can be drawn that the defendant had knowledge that the car was stolen, that the plate was stolen, or that the plate was attached to the vehicle for the purpose of misrepresenting its identity, the conviction is unsupported by evidence.

*Judgment reversed. Bell, C. J., and Pannell, J., concur.*
SUBMITTED SEPTEMBER 9, 1971—DECIDED OCTOBER 1, 1971—

*Glenn Zell,* for appellant.
*Lewis R. Slaton, District Attorney, Joel M. Feldman, Carter Goode, Creighton W. Sossomon,* for appellee.