Juliax A. Hertz, J.
After trial defendant is acquitted of the charge of knowing possession of stolen license plates. This *333 disposition follows Ms conviction by this court of driving without a license, a charge tried with the instant separate charge but arising out of the same incident. Decision was reserved after a nonjury trial on the charge of violating section 165.40 of the Penal Law.
At the trial the facts disclosed that the defendant is employed by an individual engaged in the business of making mechanical repairs of automobiles. He had legal possession of a certain vehicle assertedly for the purpose of installing a new engine. The arrest occurred in front of defendant’s address at 172nd Street and Boone Avenue in the Bronx on May 2, 1973 at about 11:15 a.m. shortly before defendant had come under observation by the arresting officer on motor patrol. Defendant was then driving a tow truck.
Observation of the defendant continued. He drove the truck into the driveway of his home and hoisted a motor onto the truck which, he stated at trial, was to be installed in the aforementioned vehicle. That vehicle was parked on the public street just outside of his home. Defendant moved the truck to a point where he was in a position to load the motor into the trunk of the parked car. He then proceeded to remove the license plate from the rear of the parked car which exposed a dealer’s license plate. At this point, and for background information only, it is noted that both the parked car into which he placed the engine and the dealer’s plate have no pertinence to the decision in this case.
It does appear, however, that the plate removed by the defendant bearing number YU5399 and the other identical plate removed from the front of the parked vehicle together with another and different vehicle had been reported stolen on May 14, 1972 (almost a year before). It is to be emphasized that the vehicle to which these plates were attached by the defendant was not a stolen car. Moreover, the plates in question were valid only for the remainder of the month of May, 1973. Suffice it to state that at the trial defendant stated that he affixed the plates to the vehicle to be repaired in order to avoid stripping or vandalization.
Apparently, the vehicle was to be transported by tow to his employer’s place of business.
An accepted tenet of the criminal law requires that the trial court conclude in favor of defendant’s innocence where the described conduct is consistent therewith and despite other possible inferences of guilt. This rule was clearly enunciated in People v. Weiss (290 N. Y. 160, 163), where the court said: *334 ‘ ‘ In such circumstances, the facts from which the inferences are to be drawn must be established by direct proof: the inferences may not be based upon conjecture, supposition, suggestion, speculation or upon other inferences; the conclusion sought must flow naturally from the proven facts and be consistent with them all; the proven facts must exclude to a moral certainty every hypothesis except that of guilt of the offense charged and not alone must all the proven facts be consistent with and point to guilt, but they must be inconsistent with innocence (People v. Fitzgerald, 156 N. Y. 253; People v. Razezicz, 206 N. Y. 249; People v. Woltering, 275 N. Y. 51).”
There are numerous explanations wholly divorced from criminality which could account for defendant’s possession of the license plates. For example, the plates may have come into defendant’s possession through his employment. Or they may have been discarded, discovered and used irrespective of and without knowledge of whether they were then valid or expired. Notably, the court finds no legal injunction requiring that one in possession of vehicle license plates who is not the issuee must affirmatively act to deliver them to the issuing authority.
The District Attorney contends that at the trial the defendant refused to state how or where he obtained the plates. But the record of the trial reveals only that the defendant testified in a fashion which shed little light on their origin. Indeed, defendant was extremely vague respecting his possession of them but it is clear that such a state of facts is no substitute for proof by the prosecution that defendant “ knowingly ” possessed stolen property, an element which the statute itself mandates as part of the People’s case.
In discussing the question of when one is chargeable with possession of stolen goods in United States v. Koran (453 F. 2d 144, 146), Circuit Judge Doyle stated:
“ (1) It is, of course, essential that a defendant charged with possession of stolen goods must be shown to have had guilty knowledge. Tingley v. United States, 34 F. 2d 1 (10th Cir. 1929). The decision of this court in Lewis v. Hudspeth, 103 F. 2d 23 (10th Cir. 1939), if not exactly in point, is at the very least strongly analogous. There it was said:
“ To convict the accused on the first count of feloniously retaining the possession of the stolen property, it was not necessary to prove that the accused knew the property was stolen at the time he received it, it being sufficient to establish that he retained it knowing of its stolen character. (103 F. 2d at 24).”
*335 More directly, and in a quite similar factual background involving a prosecution for vehicle larceny and illegal possession and use of a Georgia plate and where the defendant was convicted of the latter charge, in Studdard v. State (124 Ga. App. 713), that appellate court reversed, stating: “ It is quite possible that the defendant might have stolen or otherwise obtained possession of the license plate and was using it to conceal the identity of the stolen car without himself having stolen the automobile, but he could not be guilty of such unlawful use unless he knew the vehicle was stolen by someone. The jury verdict as to Count 1 establishes that the defendant did not steal the automobile which he was driving. But he could not use the license plate for the purpose of misrepresenting the identity of the vehicle without some guilty knowledge of the true identity of the vehicle, which, if he had such knowledge, would put him in a position similar to that of a receiver of stolen goods knowing them to have been stolen. An innocent use of the license plate, even if it had been stolen, or a use for another purpose than that of concealing the identity of the vehicle would not be sufficient to sustain a conviction. The only evidence connecting the defendant in any way with either crime was his recent possession, but possession alone is insufficient to convict where the defendant is not the thief and knowledge that the goods were stolen must be proved. (Clarke v. State, 103 Ga. App. 739 * * *. Since the license plate was attached to the car and there is no evidence from which an inference can be drawn that the defendant had knowledge that the car was stolen, that the plate was stolen, or that the plate was attached to the vehicle for the purpose of misrepresenting its identity, the conviction is unsupported by evidence.”
Finally, while there are decisions and text authorities standing for the proposition that recent exclusive possession of the fruits of a crime justifies the inference that the possession is criminal, in the case at bar, the report of a stolen vehicle with the plates in question attached was certainly not recent. In fact, the report was made on May 14,1972,12 days short of one year prior to the charge in this case. And of course nothing in this case even hints at any basis for concluding that defendant had the plates in his possession during the intervening period.
The defendant is found not guilty of violating section 165.40 of the Penal Law and the charge is dismissed.