## 57886. PATRICK v. THE STATE.

BIRDSONG, Judge.

Azell Patrick was convicted of theft of an auto and sentenced to serve three years. He brings this appeal, enumerating three errors. *Held:*

1. In his first enumeration of error, appellant argues that the trial court erred in refusing to admit a statement signed by a witness as a matter in impeachment of that witness. The facts show that the witness, one Ellison, was illiterate and could not read or write extensively. He was interviewed by the defendant's counsel orally. Counsel reduced the substance of what Ellison stated in writing and caused Ellison to sign the document. The document in substance indicated that Ellison could not positively identify the person driving away as Patrick. It also contained a statement that Ellison saw another person of the same characteristics as Patrick in the area. At trial, while on cross examination, the defense counsel caused Ellison to recall the interview and that he, Ellison, had stated that he, Ellison, could not positively identify the person whom he saw getting into a red Mustang belonging to the victim Weathers. Further cross examination caused the witness to become more positive in the identification. Appellant's counsel then attempted to introduce the statement emanating from his discussions with Ellison. The state objected upon the ground that the statement was not made by Ellison but was the writing of counsel. The trial court sustained the objection and refused to allow the counsel to read the statement or to cross examine from it. It is readily apparent from the record, however, that counsel was not curtailed in his examination as to the contents of the oral discussion held with Ellison. In fact, much of what appears in the statement was fully explored by counsel in

his cross examination. For aught that appears in the record, had counsel desired to inquire more fully into the oral discussion, he would have been at liberty to do so. Thus, we are faced with the denial of an impeaching document as to a critical witness where the statement was not prepared by the witness, and counsel was extended full privilege to inquire into the whole of the oral discussions leading to the preparation of the statement. The purpose of the admission of the impeaching document was to show that Ellison had changed his testimony. Counsel was able to do that through his cross examination and showed that Ellison, during the course of testifying, traversed from being not sure who he saw take the car to saying that he was sure that the person taking the car was the defendant Patrick. Admission of the signed statement could not have done more.

The trial court did not err in disallowing the statement. Ellison admitted the conversation and that he had been unable to positively identify the person whom he saw entering the car. Though the document contained more, counsel did not inquire into the additional matters, thus nothing contradictory as to the additional matter had been placed before the jury which would have caused that portion of the statement to be impeaching in nature. See *Dickey v. State,* 240 Ga. 634, 639 (242 SE2d 55).

Even assuming arguendo that it was error to exclude the written document, inasmuch as counsel was able to place the substance of the document before the jury, we can find no substantial error. We will not grant a new trial or reverse a case for error unless it is also shown to be harmful, and evidence wrongfully withheld is harmless where admissible evidence of the same fact is introduced. *Glass v. State,* 235 Ga. 17 (218 SE2d 776); *Robinson v. State,* 229 Ga. 14 (189 SE2d 53). See *Holmes v. State,* 148 Ga. App. 817 (253 SE2d 237); *Favors v. State,* 145 Ga. App. .864 (244 SE2d 902). We find no harmful error and thus no foundation for this enumeration of error.

2. In his second and third enumerations of error, appellant argues that the evidence fails to support the taking of the car described in the indictment. Taken as a whole, the evidence adduced at trial shows that Weathers owned a red Mustang automobile. On the night of March

14, Patrick approached Weathers to borrow the car. Weathers refused the loan of the car because the brakes were bad. Patrick corroborated most of these facts. Patrick was seen entering a red Mustang belonging to Weathers on that same evening about thirty minutes after asking Weathers for the use of the car. He drove the car away. Patrick backed into a telephone pole before leaving the scene. Weathers testified that his car did not have a dent in the rear fender before his car was taken and had a dent in the rear fender when the car was recovered. The vehicle was discovered hidden in some trees.

In contradistinction, the indictment alleged that Patrick had taken a 1971 red and black Mustang containing a described license plate and of a certain value. There was no testimony that the car taken by Patrick had the color black on it, that it contained a license tag, or that it was of any particular value. There was, however, no evidence that Weathers possessed more than one car. Moreover, it is clear from the transcript that all parties to the trial treated the red Mustang taken from Weathers as the vehicle which was the subject of the indictment. The only motion or objection entered by appellant was that the evidence did not support the charges, not that there was a variance between the allegata and the probata.

The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charge against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense. Since *De Palma v. State,* 225 Ga. 465, 469 (169 SE2d 801), the trend has been away from overly-technical applications of the fatal variance rule, at least with respect to the description of the stolen property, the owner of the stolen property and the manner of committing the crime. See *Dobbs v. State,* 235 Ga. 800, 801 (3) (221 SE2d 576); *Caldwell v. State,* 139 Ga. App. 279, 282 (228 SE2d 219). In this case we are satisfied that the two tests set forth in *De Palma,* supra, have been met. The evidence was sufficient to show that Weathers' Mustang had been taken wrongfully by Patrick in the face of Patrick's

showing of alibi, his affirmative denial, and his attack upon the sufficiency of the evidence through cross examination. Although the evidence was in conflict, it was for the jury to resolve such conflicts in the testimony. The jury resolved the conflict in favor of the state, and this court will not substitute its judgment for that of the jury. *Glover v. State,* 237 Ga. 859, 860 (230 SE2d 293); *Searcy v. State,* 236 Ga. 789, 790 (225 SE2d 311). These enumerations are without merit.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED MAY 10, 1979 — DECIDED JUNE 7, 1979.

*James C. Stripling,* for appellant.
*William F. Lee, Jr., District Attorney, D. Ray McKenzie, Jr., Assistant District Attorney,* for appellee.