## 62244. McJUNKIN v. THE STATE.

CARLEY, Judge.

Appellant was tried on a two-count indictment. Count One charged appellant with unlawful "possession of a motor vehicle with manufacturer's I.D. number altered," the automobile being further described as "a 1978 Ford F150 Custom Pickup Truck, property of William C. Taylor . . ." Count Two charged appellant with theft by receiving stolen property, an automobile further described as "[o]ne 1978 Ford F150 Custom Pickup Truck, Vehicle I.D. Number F15NCG7459, property of William C. Taylor . . ." Appellant was convicted on both counts and appeals.

1. Appellant asserts that there was fatal variance between the description of the automobile in both counts of the indictment and the proof at trial. As to the theft by receiving stolen property count, appellant urges that he was accused of theft of a specific automobile but the state failed to prove the vehicle which he possessed was, in its entirety, the 1978 truck charged in the indictment. The evidence at trial demonstrated that the automobile which appellant possessed was in fact composed of component parts of Mr. Taylor's 1978 truck and appellant's own 1975 Ford pickup truck.

While appellant was indicted for theft by receiving a specifically described automobile, the evidence adduced at trial concerning that vehicle was as follows: A 1978 Ford F150 Custom pickup truck, vehicle I.D. number F15HNCG7459, was stolen from Mr. Taylor. A short time later a Ford pickup truck was discovered in the woods in Habersham County. The manufacturer's identification number plate

had been removed from the cab of this truck. An investigation revealed that that truck was comprised of the cab of a 1975 Ford pickup, the title to which was in appellant's name, mounted on the frame of Mr. Taylor's stolen 1978 Ford pickup. Further investigation revealed that in Franklin County appellant was in possession of a Ford pickup truck which was composed of the cab of Mr. Taylor's stolen 1978 vehicle mounted on the frame of appellant's 1975 truck. Although the cab of this vehicle was from Mr. Taylor's stolen 1978 truck, it bore the manufacturer's identification number plate of appellant's. It is this vehicle which was the subject of the instant indictment in Franklin County.

This evidence demonstrates no fatal variance as to the theft by receiving count. " 'The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.' [Cits.]" *De Palma v. State,* 225 Ga. 465, 469-470 (169 SE2d 801) (1969). "Since *De Palma* the trend has been away from overly-technical applications of the fatal variance rule, at least with respect to the description or amount of the stolen property . . ." *Caldwell v. State,* 139 Ga. App. 279, 282 (228 SE2d 219) (1976). The indictment in the instant case informed appellant that he was being charged with theft by receiving Mr. Taylor's stolen 1978 truck, the cab of which was found in appellant's actual possession. The allegations and proof are likewise sufficient to protect appellant from another prosecution for theft by receiving Mr. Taylor's 1978 truck. "In this case we are satisfied that the two tests set forth in *De Palma,* supra, have been met." *Patrick v. State,* 150 Ga. App. 266, 268 (257 SE2d 356) (1979). "The alleged inaccuracies do not constitute a 'fatal variance.' [Cit.]" *Jones v. State,* 147 Ga. App. 779, 781 (3) (250 SE2d 500) (1978).

Nor was there a fatal variance as to the allegation that appellant was in unlawful possession of a motor vehicle containing altered identification numbers. The "gist" of this crime is not possession of an automobile containing altered identification numbers but, rather, possession of such an automobile with guilty knowledge of the alteration. See *Dooley v. State,* 145 Ga. App. 539, 540 (2) (244 SE2d 55) (1978). The indictment in the instant case clearly and unequivocally charged that appellant unlawfully possessed a specified 1978 Ford truck containing an alteration made "for the purpose of concealing or misrepresenting the identity of said motor vehicle . . ." The evidence at trial demonstrated that appellant possessed in Franklin County a "motor vehicle" as defined in Code

Ann. § 68A-101 (24), which was comprised of components from a 1975 Ford truck and of integral parts of Mr. Taylor's stolen 1978 Ford truck described in the indictment. The evidence also showed that the motor vehicle in appellant's possession contained an altered identification number on that component which was from the stolen 1978 truck. This evidence could be construed as demonstrating a fatal variance only if the rule were to be applied in an overly technical fashion. See generally *Patrick v. State,* 150 Ga. App. at 268, supra.

2. As to the verdicts of guilty on both counts, appellant enumerates the general grounds. Essentially, appellant's argument is premised upon the contention that the state failed to prove that he possessed the property with the requisite "guilty knowledge" that it was stolen. Appellant argues that the state's evidence shows only that he was in possession of recently stolen property and this is insufficient to authorize an inference that he received it with knowledge that it was stolen. See *Clarke v. State,* 103 Ga. App. 739, 740 (3) (120 SE2d 673) (1961). Since, according to appellant's argument, the state failed to prove his knowledge that the property was stolen, he further contends that the state's evidence of his "guilty knowledge" of the alteration of the identification numbers is likewise deficient. See *Studdard v. State,* 124 Ga. App. 713 (185 SE2d 775) (1971).

We are unable to agree with appellant's characterization of the state's evidence in this case. The state does not rely solely upon appellant's possession of recently stolen goods to demonstrate appellant's guilty knowledge that the 1978 truck was stolen. Rather, the evidence demonstrates that appellant was in possession of recently stolen property, the manufacturer's identification number of which had been removed and replaced with an identification number which misrepresented the stolen property as being titled in appellant. We believe this is sufficient evidence from which a jury could infer that the alteration of the identification number was made to conceal or misrepresent the true identity of the property and that appellant thus had knowledge that it was stolen. " '. . . The circumstances, the time, the secrecy, all the transactions before, at the time and afterwards, may be brought to bear upon what was the knowledge of the receiver . . .' " *Birdsong v. State,* 120 Ga. 850, 853 (48 SE 329) (1904). "Unexplained possession of recently stolen goods can be used in conjunction with other evidence to infer guilty knowledge." *Curry v. State,* 144 Ga. App. 129, 130 (240 SE2d 280) (1977). Likewise, the evidence, while circumstantial, was sufficient to authorize the conviction for unlawful alteration under Code Ann. § 68-9916, in that appellant, by removing the identification plate from the cab of his 1975 vehicle and placing it in the 1978 automobile,

sought to conceal the true identity of the stolen goods and to misrepresent them as being his own. See *Abrams v. State,* 144 Ga. App. 874 (2) (242 SE2d 756) (1978).

 *Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 23, 1981 —
REHEARING DENIED OCTOBER 13, 1981 — 

*Rodger E. Davison,* for appellant.

*J. Cleve Miller, District Attorney, Lindsay A. Tise, Jr., Assistant District Attorney,* for appellee.