## 63027. WALLS v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant was indicted, tried and convicted of the offense of theft by deception in unlawfully obtaining property of Pickens County, Georgia, the same being in the amount of $73,750.95 paid to him by check, the United States currency represented thereby, with the intention of depriving the owner, Pickens County, thereof, by deceitful means and artful practice in the sale of certain equipment to Pickens County which the defendant did not own, said equipment being owned by another, and depriving the owner of said payment by converting said payment to his own use. He was sentenced to serve a term of 10 years. A motion for new trial was thereafter filed and denied. Defendant appeals. *Held:*

1. The first enumeration of error contends that the trial court erred in failing to grant the defendant's motion for continuance. The motion was accompanied by a medical affidavit signed by a medical doctor that the defendant was presently confined suffering from a severe headache and injured back which would prevent him from attending court for at least three weeks. After the call of the case a bench warrant was issued, and a deputy sheriff who was also a medical technician, accompanied by another medical technician, arrested the defendant and transported him from Gainesville, Georgia, where he was "presently confined" to Pickens County, where he was examined by a doctor. At this hearing the defendant testified that he had been taking medication, he had been in pain, that he was unable to assist counsel because of the constant pain, that is, "to think about pain and think about this too." The local medical doctor testified that after his examination of the defendant he had been advised by the defendant that he was not taking any medication and the examination indicated that no medication was being taken. The motion was overruled and the defendant was tried while on a stretcher. Despite the obvious physical disability of the defendant (a

suspected ruptured disc for which he was in the hospital in preparation for an operation), the evidence with reference to his ability to stand trial was in conflict. Consequently, the motion for continuance was addressed to the sole discretion of the trial court, and this court will not disturb a ruling denying a continuance unless it is shown that the trial court abused its discretion. See *Pulliam v. State,* 236 Ga. 460, 462 (224 SE2d 8); *Handberry v. State,* 113 Ga. App. 522 (148 SE2d 911); *Wells v. State,* 210 Ga. 422, 423 (1) (80 SE2d 153). It is noted here that an earlier continuance had been filed and granted in this matter. There was also other testimony that the defendant was observed entering the hospital driving his own vehicle, parking same and walking approximately 50 yards across the parking lot carrying his suitcase, requiring him to maneuver up a bank with 11 steps into the hospital. Under the evidence here we cannot hold the trial court abused its discretion for denying the motion for continuance, and there is no merit in this complaint.

2. In support of his second enumeration of error that the trial court failed to put the panels of jurors upon him, the defendant argues: "The panels are put upon the accused by the Clerk reading over the panels (now 42 jurors) and then the court saying something like: 'Jurors look upon the accused, and accused look upon the jurors.'"

We take note from the transcript that a jury list was furnished to defense counsel and in the presence of the defendant in open court the panels of jurors were administered the oath of the jury for voir dire pursuant to Code Ann. § 59-704.1 (Ga. L. 1979, p. 1048); they were qualified pursuant to Code § 59-716 as to relationship to the parties or interest in the case; the applicable statutory questions on voir dire on trial for a felony were propounded to them pursuant to Code Ann. § 59-806 (Ga. L. 1979, p. 1047); they were placed in the jury box in panels of 12 (four panels of 12 each with one prospective juror during voir dire being disqualified in each of the second, third and fourth panels with another juror added to the fourth panel, for a total of 46 qualified prospective jurors) for examination in accordance with Code Ann. § 59-720 (Ga. L. 1956, p. 64); and upon the ultimate selection of the jury of twelve, they were sworn.

While each panel was seated in the jury box, the name of each individual prospective juror of the particular seated panel was again called and the state indicated there were no questions by the state. Upon this announcement by the state, in each instance, defense counsel conducted a voir dire examination of each individual prospective juror in sequence of the particular panel in the jury box. Prior to the final phase of selection of the jury and after the completion of the individual voir dire of every prospective juror on all

the four panels, defense counsel stated to the trial court that "with respect to all of the legal and constitutional rights of the Defendant in the trial of this case, we would waive nothing . . . [a]nd we'll insist that all formalities be followed." There was no contention at this point as to what, if anything, the trial court had failed to do to avail the defendant of all his legal and constitutional rights. For the first time, during the hearing on the motion for new trial, defendant contends that error was committed "in failing to put the panels or the jurors on the Defendant," as required by "*Ga. Code 59-802,* entitled Putting Panel on Prisoner."

In *Cochran v. State,* 62 Ga. 731, 732, 733, the Supreme Court addressed the enumeration, in a capital felony case, that "the court erred in permitting the second panel of jurors, twenty-four in number, to be put on defendant *without having first given him an opportunity to challenge the same.*" (Emphasis supplied.) Justice Bleckley speaking for the Supreme Court said "that putting the array upon the prisoner . . . is the ancient mode of commanding his attention to the personnel of the panel, and of warning him to exercise the right of challenge."

There is no particular ceremony or form of words required to put the jury upon the defendant when the panel of jurors is "put upon the accused." See Code § 59-802; *Ruden v. State,* 73 Ga. 567 (1), 568-569. Under the procedure exercised by the trial court in the case sub judice it cannot be said that the defendant's right of attention to the personnel of each of the four panels and his exercise of the right of challenge were abridged. Further, we find there was no proper challenge to the array of jurors and the defendant may not now be heard to object to the array. See Code § 59-803; *Cumming v. State,* 155 Ga. 346 (2), 349 (117 SE 378). "The statement of counsel for the accused, in the trial of a criminal case, that the accused demanded all of his legal rights, and would not waive anything . . . was not sufficient to constitute a challenge to the array." *Schumpert v. State,* 9 Ga. App. 553 (1) (71 SE 879).

Under the particular facts and circumstances of the case sub judice we fail to see how this defendant could complain that the panels of jurors had not been "put upon" him. There is absolutely no indication that defense counsel was interrupted in any way during the conduct of the voir dire of each and every individual prospective juror making up the four panels while each panel was in the jury box nor deprived of the right to challenge any of them. This was not an instance where a defendant was required to commence selecting a jury from each panel as soon as the voir dire of that particular panel was complete. In the case sub judice defendant had the benefit of the voir dire of four panels of 12 prospective jurors each before being

required to commence selecting the jury from 46 qualified prospective jurors. We find no merit in the complaint that the court failed to "put the panels of jurors upon" the defendant.

3. During the opening statement of the assistant district attorney objection was made to his attempting to define theft by deception for the jury, and defendant's objection was sustained. At this time the trial court instructed the jury as to an opening statement by the district attorney, and then instructed the jury as to the charge and defined theft by deception. We find no merit in the complaint that the court erred in thus charging the jurors certain law during the state's opening statement during trial prior to the introduction of evidence. See *Paulhill v. State,* 229 Ga. 415 (1), 416 (191 SE2d 842); *Decker v. State,* 139 Ga. App. 707, 709 (4) (229 SE2d 520); *Bigby v. State,* 146 Ga. App. 500, 501 (3) (246 SE2d 496).

4. During the trial the court allowed in evidence certain photocopies of documents of the lease agreement in which the witness who identified the documents stated he had possession of the original documents and he had made photocopies of them for the court. Counsel for defendant contends this was secondary evidence and the court failed to require that it be shown that the primary evidence for same was inaccessible as required by Code § 38-212. However, the trial court ruled that the original of these documents had been satisfactorily accounted for and allowed same as secondary evidence. See Code Ann. § 38-710 (Ga. L. 1950, pp. 73, 74). Further, the writings here in the lease agreement were only collateral, hence the best evidence rule does not apply, and the existence of the writing and the contents thereof may be shown by secondary evidence. See *Butts v. Maryland Cas. Co.,* 52 Ga. App. 838 (2), 840 (184 SE 774); *Roberts v. State,* 86 Ga. App. 768 (1), 769 (72 SE2d 551). See also in this connection *Mulkey v. State,* 155 Ga. App. 304, 307 (270 SE2d 816), wherein the trial court is not to determine the worthiness or credibility of the secondary evidence but only as to whether it is offered as evidence in the best form accessible to the court. It was therein held that the contents of the letter should have been admitted, and the case was reversed because it was not allowed. Further, here the admission of the documents was a collateral matter as to the identity of the machinery involved and there was much other testimony with reference thereto. We find no harmful error in allowing the photocopies of the documents.

5. The trial court did not err in its failure to direct a verdict in this case. After a careful review of the entire record and transcript we find that a rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt. See *Moses v. State,*

245 Ga. 180, 181 (263 SE2d 916); *Snell v. State,* 246 Ga. 648 (272 SE2d 348); *Caffo v. State,* 247 Ga. 751, 754 (279 SE2d 678).
*Judgment affirmed. Quillian, C. J., and Sognier, J., concur.*

DECIDED JANUARY 8, 1982 —
REHEARING DENIED FEBRUARY 11, 1982 —

*Douglas E. Smith,* for appellant.
*Rafe Banks III, District Attorney, George W. Weaver, Assistant District Attorney,* for appellee.