68093. GASKIN v. THE STATE.

CARLEY, Judge.
Appellant was tried before a jury and convicted of theft by taking. He appeals from the judgment of conviction entered on the guilty verdict.

1. Appellant asserts that there was a fatal variance between the description of the automobile in the indictment and the proof at trial. The indictment on which appellant was tried charged appellant with the unlawful taking of "a motor vehicle, to wit: one (1) 1971 Volkswagen, the property of Gregory Adams Cho, with a value of $1,100.00 with the intention of depriving said owner of said motor vehicle." At trial Gregory Adams Cho testified that on March 23, 1983, his 1972 Volkswagen Karmann Ghia, valued at approximately $1,600, was

stolen.

" 'The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.' [Cits.]" *De Palma v. State*, 225 Ga. 465, 469-470 (169 SE2d 801) (1969). " 'Since *De Palma* the trend has been away from overly-technical applications of the fatal variance rule, at least with respect to the description or amount of the stolen property . . . .' [Cit.]" *McJunkin v. State*, 160 Ga. App. 30 (285 SE2d 756) (1981). The indictment in the present case informed appellant that he was charged with theft by taking Gregory Adams Cho's Volkswagen automobile. Mr. Cho testified that he owned only one automobile, a Volkswagen Karmann Ghia, which was recovered in appellant's possession. "The allegations and proof are likewise sufficient to protect appellant from another prosecution for theft by [taking] . . . . 'In this case we are satisfied that the two tests set forth in *De Palma*, supra, have been met.' [Cit.] 'The alleged inaccuracies do not constitute a "fatal variance." [Cit.]' [Cit.]" *McJunkin*, supra at 31. See also *Patrick v. State*, 150 Ga. App. 266 (257 SE2d 356) (1979); *Maxey v. State*, 159 Ga. App. 503 (1) (284 SE2d 23) (1981).

2. Appellant also enumerates as error the giving of a certain charge to the jury. Appellant contends that the charge constituted an improper expression of opinion by the court as to the evidence and that it invaded the province of the jury. We have reviewed the charge at issue and find that as a whole, the charge was a proper statement of the law, and in no manner constituted an improper expression of opinion by the court or an invasion of the province of the jury. "The court's instruction to the jury should be looked to as a whole, and if the applicable law is stated accurately and fairly, in such manner as to work no prejudice to the defendant, then this court will not consider a challenge to the wording of isolated segments. [Cit.]" *Riceman v. State*, 166 Ga. App. 825, 827 (305 SE2d 595) (1983). We find no error.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED JUNE 20, 1984.

*Howard P. Jolles*, for appellant.
*Sam B. Sibley, Jr., District Attorney*, for appellee.