71608. TOCO HILLS, INC. et al. v. ROLLINS PROTECTIVE
SERVICES COMPANY, INC.
(348 SE2d 65)

MCMURRAY, Presiding Judge.

Summary judgment. This appeal arose from a complaint filed by

Toco Hills, Inc. (Toco Hills), William Clyde Shepherd, Jr. and Mary Upchurch Shepherd (the Shepherds) against Rollins Protective Services Company, Inc. (Rollins) alleging negligent servicing and maintenance of a burglar alarm system. The complaint also alleged fraudulent misrepresentation as to the nature of the protection afforded by the security system. Rollins answered, denying the material allegations of the complaint and subsequently filed a motion for summary judgment, arguing that there was a written contract between itself and Toco Hills which contained an exculpatory clause that limited its liability to a maximum of $250. In support of its motion Rollins filed the affidavit of James D. Askren II, "the Administrative Assistant to the Vice President of Rollins Protective Services Company." In his affidavit Askren stated that: "[b]eginning in 1969, with the inception of the business at the Company, a form Installation-Service Contract was used for each and every account wherein Rollins Protective Services Company leased its 'Guard-a-Life' protective alarm system to its customers. A copy of the Guard-a-Life form contract utilized by the Company in 1971 is attached hereto and marked Exhibit 'A' to this Affidavit.

"In 1971 Toco Hills [sic] contracted with Defendant Rollins Protective Services Company ('Rollins') for the installation and servicing of a protective alarm system at 1563 Mason Mill Road. The contract between Toco Hills [sic] and Rollins provided that upon payment of an installation fee as well as a monthly service charge that Rollins would install and service a protective alarm system in the premises owned by Toco Hills [sic].

"The Contract entered into by and between Rollins Protective Services Company and Toco Hills, Inc. [sic] was memorialized by the completion and execution of the standard form Guard-a-Life Installation-Service agreement in exactly the same form as the document attached as Exhibit 'A'. The name of the Customer, date and the amount of the payment was filled in and presented to Toco Hills, Inc. [sic] for the signature of its corporate officer, the document was signed, and a carbon copy was retained by Rollins Protective Services Company in its customer file. The original document was retained by the customer.

"The contract between Toco Hills [sic] and Rollins contained a limitation of liability provision which provided that, 'It is further agreed that Rollins is not an insurer of the Customer's premises and that all charges and fees herein provided for are based solely on the cost of installation, service of the system and scope of liability hereunder set forth and are unrelated to the value of Customer's property or the property of others located on Customer's premises.'

"The contract between Toco Hills [sic] and Rollins further provided that, 'The parties agree that if loss or damage should result

from the failure of performance or operation or from defective performance or operation or from improper installation or servicing of the system that Rollins' liability, if any, for the loss or damage thus sustained shall be limited to a sum equal to ten (10%) per cent of one year's service charge or $250.00 whichever sum is the greater, and that the provisions of this paragraph shall apply if loss or damage, irrespective of cause or origin, results directly or indirectly to personal property from performance or nonperformance of obligations imposed by the Agreement or from negligence, active or otherwise, of Rollins, its agents or employees.'

"Approximately 200 contracts from the year 1971 were lost or destroyed when somewhere between 1977 and 1979 a file drawer containing the Company's first 500 contracts was lost, probably during a move of the accounting department from one floor of our building to another. This file drawer containing these contracts has never been found. The Toco Hills, Inc. [sic] and Rollins Protective Services Company Installation-Service contract was one of the approximately 500 contracts that were lost or destroyed." (Rollins did not produce the original or a copy of the alleged written contract executed between itself and Toco Hills.)

A further examination of the record reveals that Askren's deposition was taken by Toco Hills and the Shepherds and it revealed that Mr. Askren was not employed with Rollins until approximately four years after the written contract was allegedly executed. The record also revealed that Askren had no present or past recollection of the alleged contract entered into between Rollins and Toco Hills. Askren based his conclusion on the assumption that Rollins "never installed a system for a customer without having a contract."

In opposition to Rollins' motion for summary judgment, William Clyde Shepherd, Jr. (the president of Toco Hills), filed his affidavit stating that he has "no recollection of the particulars of the transaction and cannot recall what, if any, documents were executed at the time the burglar alarm and security system were installed." However, in the next paragraph of the affidavit Shepherd states that "Toco Hills has no contract with Rollins for installation of a burglar alarm and security system at 1563 Mason Mill Road."

From these facts, the trial court entered an order granting partial summary judgment in favor of Rollins, limiting Rollins' liability to $250. Toco Hills and the Shepherds appeal. *Held*:

1. The trial court relied upon secondary evidence in finding that a written contract, which contained an exculpatory clause, existed between Rollins and Toco Hills. " '(T)he existence of an original writing must be established . . . before secondary evidence is admissible.' . . . Agnor, Ga. Evidence, p. 290, § 13-2. On the other hand, where the contents of a writing are only collateral, 'the best evidence rule

does not apply, and the existence of the writing and the contents thereof may be shown by secondary evidence.' *Walls v. State*, 161 Ga. App. 235 (4) (291 SE2d 15)." *Growth Properties of Fla. v. Wallace*, 168 Ga. App. 893, 898 (3) (310 SE2d 715).

In the case sub judice, Rollins did not establish the existence of the alleged written contract between itself and Toco Hills. The affidavit of James D. Askren II, submitted in support of Rollins' motion for summary judgment, set forth only contentions and conclusions without reference to any factual basis. (Askren did not identify, nor did Rollins produce a copy of the alleged executed contract.) An affidavit containing only contentions and conclusions without reference to any factual basis is insufficient to demonstrate the absence of a genuine issue as to any material fact. *Parlato v. MARTA*, 165 Ga. App. 758, 759 (1) (302 SE2d 613). Further, the form contract was admitted not only to prove the existence of the written agreement between the parties, it was also offered to prove the contents of the document; i.e., the exculpatory clause. Consequently, since (1) the existence of the contract was not proven; and (2) since the contents of the contract were not collateral; the form contract was not admissible into evidence. *Growth Properties of Fla. v. Wallace*, 168 Ga. App. 893, 898-899 (3), supra. Since the document upon which the trial court based its holding was inadmissible, there was no factual basis for granting partial summary judgment in favor of Rollins. See *Davidson v. American Fitness Centers*, 171 Ga. App. 691, 693 (2) (320 SE2d 824).

2. Pretermitting our ruling in Division 1 of this opinion and assuming the trial court properly admitted the form contract as secondary evidence, it was for the trier of fact to determine the weight to be applied to the evidence, not the trial court on summary judgment. "The function of the trial court is not to determine the worthiness or credibility of the secondary evidence, but is only to determine whether what is offered as evidence is the best form accessible to the court. See *Rushin v. State*, 63 Ga. App. 646, 648 (11 SE2d 844)." *Mulkey v. State*, 155 Ga. App. 304, 307 (270 SE2d 816). Consequently, granting partial summary judgment in favor of Rollins was erroneous.

*Judgment reversed. Banke, C. J., and Pope, J., concur. Carley, J., disqualified.*

DECIDED JUNE 24, 1986 —
REHEARING DENIED JULY 23, 1986 —

*David H. Flint, Lynn C. Stewart*, for appellants.

*Richard Decker, Robert A. Moss*, for appellee.