A92A0957. PADGETT v. THE STATE.
(423 SE2d 411)

COOPER, Judge.

In a four-count indictment, appellant was indicted for rape, aggravated sodomy, aggravated assault with intent to rape and burglary. Following his conviction by a jury of rape and aggravated assault with intent to rape, he appeals from the judgment entered on the sentence

and the denial of his motion for new trial.

Construed to support the verdict, the evidence adduced at trial showed that the victim returned to her apartment from her college classes. She entered her apartment but did not immediately lock the door behind her because her arms were full of books. The victim was in the kitchen when appellant entered her apartment and grabbed her from behind, placing his hands over her eyes and mouth. Appellant told the victim that if she did not cooperate he would hurt her. Appellant then forced the victim into the bedroom, ripped her clothes off, performed oral sex on her and raped her for over an hour. Appellant continuously threatened the victim's life during the attack. When one of the victim's roommates entered the apartment, appellant stopped his assault on the victim and began putting on his clothes. The victim's roommate tried to enter the bedroom, but appellant slammed the door closed. The roommate ran next door to get help from a neighbor and when the roommate returned with the neighbor, they went to the victim's bedroom window and attempted to enter. As they pushed the blinds aside, appellant ran out of the bedroom and they pursued him. The roommate and neighbor chased appellant, but appellant escaped by driving away in a car. The roommate and neighbor got a good look at appellant's face as well as the tag number of the car in which appellant escaped. Appellant was arrested the following day and was subsequently identified in a lineup by the victim, her roommate and the neighbor. Appellant contended at trial that the victim invited him into her apartment where they engaged in consensual sex.

1. In his first enumeration of error, appellant contends that the trial court erred in its charge to the jury by stating: "You are not to concern yourself with anything concerning punishment." " 'The charge to the jury is to be taken as a whole and not out of context when making determinations as to the correctness of same.' [Cit.]" *Bartlett v. State*, 196 Ga. App. 174, 175-176 (3) (396 SE2d 31) (1990). Prior to that portion of the charge objected to, the trial court instructed the jury that they were to only be concerned with the guilt or innocence of the defendant. The trial court also later charged the jury that no comment by the court was intended to express any opinion about the facts of the case or the guilt or innocence of the defendant. Reviewing the trial court's charge as a whole, we find nothing that intimated an opinion as to the guilt or innocence of appellant. See *Gaskin v. State*, 171 Ga. App. 266 (319 SE2d 482) (1984).

2. Appellant contends in his second enumeration of error that the trial court erred in sentencing him on both convictions because the offenses of rape and aggravated assault with intent to rape merged as a matter of law. We note at the outset that the ten-year sentences handed down on each of the convictions are to run concurrently with

each other. However, we agree with appellant that the trial court erred in sentencing him on both convictions. "Under OCGA §§ 16-1-6 and 16-1-7, a defendant may be prosecuted for two crimes based on the same conduct, but he may not be convicted of more than one crime if one crime is included in the other." *Watson v. State*, 178 Ga. App. 778, 780 (2) (344 SE2d 667) (1986). "[T]he offense of rape includes the lesser offense of assault with intent to rape. . . ." *Wingfield v. State*, 231 Ga. 92, 99 (12) (200 SE2d 708) (1973). We cannot conclude that the two charged offenses against the victim were separate and distinct acts. Compare *Taylor v. State*, 177 Ga. App. 624 (4) (340 SE2d 263) (1986) (defendant pointed gun at the victim through window and then held gun to her while he led her from room to room, thus committing separate offense of aggravated assault with deadly weapon, prior to rape). Appellant's actions in placing his hands over the victim's mouth and stating that he would hurt her if she did not cooperate did not constitute an aggravated assault separate from appellant's commission of the actual rape. Accordingly, we find that there was a merger of the offenses as a matter of law and the trial judge should have only sentenced appellant on the rape conviction.

*Judgment of conviction affirmed in part and remanded for resentencing. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 25, 1992.

*Dennis C. O'Brien,* for appellant.
*Thomas J. Charron, District Attorney, Russell J. Parker, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys,* for appellee.