## A99A0813. RAMEY v. THE STATE.
(521 SE2d 663)

SMITH, Judge.

After a jury trial, James Lyn Ramey was acquitted of theft by receiving stolen property, OCGA § 16-9-7 (a), but convicted of theft by deception, OCGA § 16-8-3, and selling a motor vehicle with an altered vehicle identification number, OCGA § 40-4-22 (a). Appealing from the trial court's order denying his amended motion for new trial, Ramey contends that he was entitled to a directed verdict of acquittal and that he received ineffective assistance of counsel. For the following reasons, we affirm.

1. On appeal, the evidence must be viewed in the light most favorable to the verdict, and a criminal defendant no longer enjoys the presumption of innocence; moreover, an appellate court determines the sufficiency of the evidence, and may not weigh the evidence or determine the credibility of witnesses. *Hill v. State*, 207 Ga. App. 65, 66 (1) (426 SE2d 915) (1993). When the sufficiency of the evidence is challenged by a motion for a directed verdict of acquittal, the proper test is the reasonable doubt test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Wilburn v. State*, 199 Ga. App. 667 (1) (405 SE2d 889) (1991).

Viewed in this light, the record reveals that on December 11, 1996, Debra and Vincent Parr reported the theft of their "mint condition" 1966 Mustang convertible, vehicle identification number (VIN) 6F08C338975. The car, which had a "For Sale" sign in it, was stolen from a parking lot in a shopping center in Cordele, Georgia. The Parrs had been advertising the car for sale in the newspaper, listing

the selling price at $10,000 — approximately what they paid for it when they bought it from a local car dealer. Ten months later, Habersham County Sheriff's Deputy Chip Duncan recovered the Parr's Mustang from Dwayne Cantrell. Cantrell testified that he bought the Mustang from Ramey for $2,750 in "the 11th month of '96. The 11th and 23rd I believe," referring to the original bill of sale for the date. Cantrell, the owner of 123 Tire Company, knew Ramey through his business dealings with Ramey's company, Ramey Motors. When Cantrell bought the car, he received a bill of sale prepared by one of Ramey's employees dated November 23, 1996 — almost a month before the car was stolen. The bill of sale listed the car's VIN as 5F08D150307.

Agent Charlie Wershem of the National Insurance Crime Bureau positively identified the Mustang Cantrell bought as the one stolen from the Parrs. Agent Wershem, who testified to his training and experience in the field of identifying stolen automobiles, was able to reconstruct a partial VIN from a damaged VIN he found concealed beneath an area of patching compound under the Mustang's hood. He reconstructed the number by deriving all possible VINs for the car and comparing them for vehicle attributes such as color and body type, as well as matching them against known stolen cars of that make and model. He found only one vehicle that matched: the vehicle stolen from the Parrs in Cordele. The Parrs also positively identified the Mustang as theirs through several of the car's distinctive marks and features. Agent Wershem testified that the VIN on Ramey's bill of sale did not belong to the 1966 Ford Mustang Ramey sold Cantrell. Deputy Duncan also testified that the VIN on Ramey's bill of sale was assigned by Ford to 1965 Mustangs only. Finally, Agent Wershem and Deputy Duncan testified that the VIN plate on the Mustang's door had been altered and did not fit properly. Deputy Duncan testified that it was obvious to any person knowing "a little bit" about cars that the plate was loose and "didn't look like it belonged at all." Vincent Parr testified that he did not damage or alter his vehicle's identification number in any way.

"A person commits the offense of theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property." OCGA § 16-8-3 (a). A person deceives if he intentionally:

> (1) creates or confirms another's impression of an existing fact or past event which is false and which the accused knows or believes to be false;
> (2) Fails to correct a false impression of an existing fact or past event which he has previously created or confirmed.

OCGA § 16-8-3 (b); see also *Walls v. State*, 161 Ga. App. 235 (291 SE2d 15) (1982).

In this case, Ramey obtained cash from Cantrell through deceitful means by selling Cantrell a stolen 1966 Mustang that Ramey represented he legitimately owned. The jury could infer Ramey's intent to deceive from several facts in evidence: (1) Ramey gave Cantrell a bill of sale with a date that pre-dated the car's theft, giving rise to an inference that Ramey was attempting to conceal that the car was stolen; (2) the car's true VIN was damaged and then concealed, and a false VIN plate applied loosely to the door, changes that a person in the business of buying and selling cars should have noticed; (3) Ramey sold the car for significantly less than its market value; and (4) the VIN stamped on the false plate and used by Ramey for the bill of sale did not match the car and could not have been assigned to a 1966 Ford Mustang. Given these facts and the inferences that logically could be drawn from them, we find the evidence was sufficient to support Ramey's conviction for theft by deception.

Also, it is unlawful for a person knowingly to sell a motor vehicle with an altered VIN for the purpose of concealing or misrepresenting the identity of the vehicle. OCGA § 40-4-22. Whether this Code section was "knowingly" violated may be proven by circumstantial evidence. *McJunkin v. State*, 160 Ga. App. 30, 32 (2) (285 SE2d 756) (1981). The evidence from which the jury was authorized to infer an intent to deceive on the theft by deception conviction was also sufficient to show Ramey had guilty knowledge of the altered VIN number. Id. Viewed in the light most favorable to the verdict, it is apparent that the evidence was sufficient to enable a rational finder of fact to conclude that Ramey was guilty of the crimes charged beyond a reasonable doubt.

2. Ramey also argues that he was denied effective assistance of counsel because his trial attorney failed to call witnesses who allegedly would have testified that Ramey sold Cantrell his Mustang several weeks before the Parr's Mustang was stolen.

> Generally, the burden is on the defendant claiming ineffective assistance of counsel to establish (1) his attorney's representation in specified instances fell below an objective standard of reasonableness *and* (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.

(Citations and punctuation omitted; emphasis in original.) *Anderson*

*v. State*, 228 Ga. App. 453, 457 (2) (491 SE2d 893) (1997).

Ramey has not provided us with a transcript of the hearing on his motion for new trial. However, the trial court concluded that based upon the testimony given by Ramey's trial counsel at that hearing, trial counsel's decisions concerning what witnesses to call "were clearly matters of trial strategy." Nothing in the record before us suggests that Ramey identified any potential defense witnesses or made any other showing that revealed any favorable evidence that his defense counsel failed to obtain or to present at trial. Nor has Ramey demonstrated how that evidence would have affected the outcome of the trial — especially in light of the fact that such testimony would have been cumulative of the evidence provided by the date printed on Ramey's bill of sale as well as Cantrell's testimony based on the bill of sale. We therefore conclude that Ramey failed to carry his burden of showing either error or the resulting harm necessary to support a claim of ineffective assistance of counsel. Id.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 16, 1999.

*Verdery & Oliver, Cindy M. Franklin*, for appellant.

*Michael H. Crawford, District Attorney, Earnest J. McCollum, Assistant District Attorney*, for appellee.