A90A1631. PRYOR v. THE STATE.
(402 SE2d 338)

POPE, Judge.

Defendant Kenneth Pryor was indicted for the murder of his brother, Donnell Pryor, and was convicted of the lesser offense of voluntary manslaughter. We affirm.

1. The evidence showed the victim died from a stab wound inflicted by defendant. Defendant's theory of defense was justification and defendant's attorney argued he acted in self-defense. Defendant's first two enumerations of error challenge the sufficiency of the evidence to support the conviction.

The evidence showed defendant and his brother were engaged in an argument when the stabbing occurred. Conflicting evidence was presented concerning whether the victim threatened defendant. The evidence was undisputed, however, that defendant went to the kitchen for a knife before the victim picked up a chair and commenced thrusting the chair at defendant. One of the eyewitnesses described the victim as defending himself by thrusting the chair at defendant. Another eyewitness testified that while the victim was brandishing the chair he was backing away from the defendant. Whether defendant was justified, under the circumstances of the case, in using force against the victim is a question for the jury. Anderson v. State, 245 Ga. 619 (1) (266 SE2d 221) (1980). "When viewed in the light most favorable to the verdict, the evidence was sufficient to authorize any rational trior of fact to find proof of [defendant's] guilt of voluntary manslaughter beyond a reasonable doubt. [See] Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." Harper v. State, 182 Ga. App. 760, 761 (1) (357 SE2d 117) (1987).

2. Defendant argues the trial court erred in permitting the prosecutor to impeach a witness called by the State with evidence of prior inconsistent testimony without a proper showing of surprise. First, we note that no objection to this testimony was raised at trial and therefore this court may not consider the objection on appeal. See Cooper v. State, 188 Ga. App. 297 (3) (372 SE2d 679) (1988). Moreover, it is no longer necessary to show surprise in order for a party to impeach his own witness. Peterson v. State, 166 Ga. App. 719 (1) (305 SE2d 447) (1983). "If, at the time of the questioning, a party has knowledge of a prior statement by one of his witnesses which contradicts testimony that witness has just given, that party has been sufficiently entrapped so that he may impeach his witness by use of the prior inconsistent statement." Davis v. State, 249 Ga. 309, 314 (3) (290 SE2d

273) (1982).

3. Finally, defendant argues the trial court erred in admitting into evidence a photograph of the victim's body showing internal organs protruding from the stab wound. "A photograph which shows mutilation of a victim resulting from the crime against him may, however gruesome, have relevance to the trial of his alleged assailant." *Brown v. State*, 250 Ga. 862, 867 (302 SE2d 347) (1983). Defendant posited a theory of self-defense in this case. In response to defendant's objection to the photograph, the prosecuting attorney stated that the photograph was submitted to show location of the wound and the size and physical characteristics of the victim. Defendant argues the photograph was unnecessary to show location of the wound because defendant stipulated to the cause of death and location of the wound. We note, however, that the stipulation had not been entered into evidence at the time the photograph in question was tendered and admitted into evidence. Regardless, the admission of the photograph was not reversible error. See *Whitaker v. State*, 246 Ga. 163, 165 (6) (269 SE2d 436) (1980).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED FEBRUARY 14, 1991.

*Charles C. Grile*, for appellant.

*Spencer Lawton, Jr., District Attorney, J. Clayton Culp, Assistant District Attorney*, for appellee.