A91A1574. HECHEVARRIA v. THE STATE.
(414 SE2d 723)

COOPER, Judge.

This appeal arises from appellant's conviction of possession of marijuana with intent to distribute and criminal use of an article with an altered identification mark.

During a search of appellant's mobile home, which was executed pursuant to a warrant, the police discovered two plastic bags containing marijuana, a postal scale and a box of plastic bags in appellant's bedroom. The police also discovered and seized a stereo, videocassette recorder and a television from which the serial numbers had been removed. Appellant lived alone and at trial denied knowledge of the marijuana but admitted owning a postal scale. Appellant testified that his scale was missing and conceded that the scale seized by police might belong to him.

1. (a) Appellant raises the general grounds, urging with respect to the drug conviction that the State failed to rebut his claim that the marijuana was planted by a third person. Appellant testified that on the day of the search, a Jim Stanley came to his house and asked appellant if he had any marijuana for sale. After appellant indicated that he did not have any marijuana, he allowed Stanley to use the rest room, which was located down a hallway leading to appellant's bedroom. Stanley was in the rest room for no more than five minutes, after which time appellant locked the door, and appellant, a friend and Stanley left the home.

"It is true that merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. (Cit.) . . . [Cit.]" (Punctuation omitted.) *Hunt v. State*, 196 Ga. App. 694 (2) (396 SE2d 802) (1990). However, the record reveals no evidence that Stanley entered appellant's bedroom, that Stanley brought marijuana into the house or that Stanley had any particular motive for planting con-

traband in appellant's home. Stanley's mere presence does not conclusively establish that he had equal access to the marijuana so as to block a finding of appellant's possession. Id. at 695. We find that the evidence was sufficient to enable a rational trier of fact to find appellant guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(b) With regard to the second count, appellant also raises the general grounds and maintains that the State failed to establish that the serial numbers had been removed from the stereo and videocassette recorder. However, one of the officers who conducted the search specifically testified that the serial numbers were removed from where they should have been. "The credibility of a witness is a matter for the trier of fact, and this court will not disturb the jury's finding unless it is insupportable as a matter of law. [Cit.] We will not disturb the jury's finding in the instant case because we find the evidence adduced at trial sufficient for a rational trier of fact to find appellant guilty of the offense charged beyond a reasonable doubt. [Cit.]" (Punctuation omitted.) *Brown v. State*, 197 Ga. App. 365, 366 (1) (398 SE2d 424) (1990).

2. Appellant enumerates as error the trial court's failure to declare a mistrial when the State improperly placed his character in issue. Appellant specifically complains of the testimony of an investigating officer who, while explaining how information for the search warrant was obtained, was asked by the prosecutor, "was part of your information based on persons being on the premises?" The officer answered, "Yes sir. Part of the information indicated that there were others on the premises and that they were there for the purpose of purchasing drugs."

" 'If evidence is relevant and material to an issue in (a) case, it is not inadmissible because it incidentally puts the defendant's character in issue. (Cits.)' [Cit.]" *Baxter v. State*, 254 Ga. 538, 547 (16) (331 SE2d 561) (1985). Appellant contends he was harmed by the inference that he was a drug dealer. However, the testimony provided evidence of an intent to distribute which was part and parcel of the crime with which he was charged. See *Parks v. State*, 254 Ga. 403 (4) (330 SE2d 686) (1985). Hence, the court did not err in refusing to grant a mistrial.

3. Finally, appellant contends the trial court erred in failing to grant his motion for directed verdict on the ground that the allegata and probata did not correspond with respect to Count 2. The indictment charged appellant with unlawful possession of an Emerson television from which the serial number had been removed while the television that was actually discovered in appellant's residence, without a serial number, was a Sharp television. Appellant contends that the difference in the brand names is a fatal variance. " 'A variance be-

tween the allegata and probata is not fatal unless it misinforms the defendant as to the charges against him or leaves him open to subsequent prosecutions for the same offense. (Cit.)' [Cit.] Since it does not appear that appellant was misled or prejudiced, it was not error for the trial court to deny appellant's motion for directed verdict." *Stinson v. State*, 197 Ga. App. 687, 689 (3) (399 SE2d 278) (1990).

*Judgment affirmed. Pope, J., concurs. Birdsong, P. J., concurs in judgment only.*

DECIDED JANUARY 15, 1992.

*Frank B. Perry & Associates, Frank B. Perry*, for appellant.
*Ralph L. Van Pelt, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney*, for appellee.