A92A0216. McDANIEL v. THE STATE.
(420 SE2d 636)

COOPER, Judge.

Appellant, Danny McDaniel, was convicted by a jury of two counts of child molestation, one count of aggravated sodomy and one count of aggravated child molestation. He appeals from the judgment entered on the verdict and from the denial of his motion for new trial.

The acts occurred while the appellant and his wife and child were living with the seven-year-old victim and her family in a mobile home. The victim testified that on three nights while she was sleeping, appellant "stuck his wrong spot in [her] butt." Using an anatomically correct male doll, the victim indicated that the penis area of the doll was what she referred to as appellant's "wrong spot." The victim testified that she did not see appellant the first two times but that she knew it was him because no one else in the house would do that to her. The victim stated that the third time appellant bothered her she saw him. The victim's mother testified that the victim told her that "Danny" had been "messing" with her wrong spots. Upon further questioning, the victim stated that "Danny" had pulled her panties down and tried to put his wrong thing in her. The next morning, the victim's mother went to the police department, made a complaint of child molestation against appellant, and subsequently took out a warrant against appellant for child molestation.

1. Appellant first contends that the trial court erred in admitting the written statement of appellant into evidence. Appellant voluntarily went to the police station and told an officer that he wanted to talk about the charges against him. After the officer advised appellant of his rights, appellant indicated that he understood his rights by

signing a waiver of rights form. The officer interviewed appellant and at the conclusion of the interview, prepared a written statement for appellant to sign. The statement read: "What [the victim] said I did, I did. I might have been drunk." Appellant reviewed the statement and signed it without making any corrections. The trial judge held a *Jackson-Denno* hearing outside the presence of the jury to determine the voluntariness of appellant's statement and found that the statement was freely and voluntarily made. "A trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will withstand attack on appeal unless they are clearly erroneous. [Cit.]" *Walker v. State*, 186 Ga. App. 765, 766 (2) (368 SE2d 547) (1988). We find no error with the trial court's admission of the statement. Appellant also contends that the written statement should not have been allowed to go out with the jury. However, the record reflects that appellant reviewed the exhibits prior to their submission to the jury and voiced no objection. Accordingly, this issue has not been preserved for our review. *Pryor v. State*, 198 Ga. App. 588 (2) (402 SE2d 338) (1991).

2. In his second enumeration of error, appellant contends that the trial court erred in not granting a mistrial when the victim testified as to a fourth incident of child molestation. Appellant objected and moved for a mistrial on the grounds that the indictment did not include a fourth incident. The trial judge sustained the objection and instructed the jury to disregard any statement about an alleged fourth incident and to give it no consideration whatsoever. The trial judge asked the jurors if any of them could not follow those instructions, and none of the jurors indicated that they could not. The trial court then asked the jurors to raise their hands if they could follow the court's instruction, and all of the jurors raised their hands. " 'When prejudicial matter is placed before the jury in a criminal case, the trial judge must decide whether a mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing the testimony from consideration of the jury under proper instructions.' [Cit.] Whether a mistrial is necessary to preserve the defendant's right to a fair trial is a matter within the discretion of the trial judge. Id." *Tyler v. State*, 198 Ga. App. 685, 687 (1) (402 SE2d 780) (1991). We find that the curative instructions were an adequate corrective measure to withdraw the victim's testimony as to a fourth incident of child molestation from the consideration of the jury and that the trial judge did not abuse his discretion in denying the motion for mistrial. *Tyler*, supra at 687.

3. Appellant challenges the sufficiency of the evidence in his final enumeration of error. In light of the victim's testimony and appellant's written statement, we find that the evidence was sufficient to enable a rational trier of fact to find appellant guilty of the charged

offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JULY 1, 1992.

*Russell C. Gabriel*, for appellant.

*Harry N. Gordon, District Attorney, Steve C. Jones, Assistant District Attorney*, for appellee.