A92A2175. PITTMAN v. THE STATE.
(429 SE2d 337)

COOPER, Judge.
Appellant was convicted of three counts of criminal trespass and appeals from the entry of judgment on the convictions and the denial of his motion for new trial.

On August 29, 1991, appellant was charged with criminal trespass upon the premises of the Keystone Apartments in Jonesboro on July 28, 1991. The accusation was subsequently amended on January 23, 1992 and again on February 7, 1992 to change the date of the offense to July 27, 1991. On January 23, 1992, a second accusation was filed against appellant charging him with criminal trespass at the same apartment complex on August 2, 1991, and this accusation was

amended later to change the date of the offense to August 3, 1991. On February 6, 1992, the State filed notice of its intent to introduce evidence of a similar transaction pursuant to Uniform Superior Court Rule (USCR) 31. Thereafter, on February 7, 1992, a third accusation was drawn, charging appellant with yet another criminal trespass at the Keystone Apartments on February 1, 1992. Appellant was arraigned on April 10, 1992 and was convicted of all the charges after a jury trial on April 21, 1992. The trial court denied appellant's motion for new trial and this appeal followed.

The evidence adduced at trial shows that appellant previously lived at the Keystone Apartments with his girl friend and that in an effort to prevent eviction and the penalties resulting from Section 8 eviction, they agreed to leave the premises in good condition. Instead, the couple moved out of their apartment, leaving the unit uninhabitable. On July 12, 1991, the couple returned to the complex and was asked by the apartment manager why they did not live up to their agreement. The two denied any responsibility for the condition of their apartment, and the manager advised appellant not to return to the property. Thereafter on July 27, 1991, August 3, 1991, and February 1, 1992, appellant was seen by tenants at the apartments. The State was permitted to introduce evidence of appellant's 1989 conviction for criminal trespass as a similar transaction over appellant's objection.

1. In his first enumeration of error, appellant contends the trial court erred in admitting his prior conviction because the State's notice of its intent to introduce the conviction did not comply with USCR 31.1, having been filed in the midst of various amendments to the pleadings, the drawing of additional charges, and prior to his arraignment. Appellant argues that he was entitled to such notice after the arraignment. USCR 31.1 provides in pertinent part, "[n]otices of the state's intention to present evidence of similar transactions or occurrences . . . shall be given and filed at least ten days before trial. . . ." There is no requirement that such notice be filed after arraignment. Thus, the State's notice regarding appellant's 1989 conviction, filed over two months prior to trial, did comply with USCR 31.

Appellant also argues that the circumstances surrounding the 1989 conviction were not sufficiently similar to the crimes for which he was on trial and that the court erred in allowing evidence of the prior conviction to be introduced at trial before evidence of the current charges. However, the record reflects that no objections were made on these grounds at trial, and they will not be considered for the first time on appeal. *McCullough v. State*, 162 Ga. App. 866 (2) (293 SE2d 455) (1982).

2. Appellant also enumerates as error the admission of evidence

of his general bad character. Appellant specifically complains about testimony which revealed that human waste was discovered in the apartment involved in the 1989 conviction and that shotgun shells were discovered in the glove compartment of a car associated with appellant after he was escorted from the apartment complex on February 1, 1992. " ' "If evidence is relevant and material to an issue in (a) case, it is not inadmissible because it incidentally puts the defendant's character in issue. (Cits.)" (Cit.)' [Cit.]" *Hechevarria v. State*, 202 Ga. App. 502, 503 (2) (414 SE2d 723) (1992). The 1989 indictment, which was admitted at trial, alleged criminal damage to property, and appellant's sentence for that conviction included $300 in restitution to the apartment complex; thus, the evidence was relevant to illustrate the circumstances surrounding the prior conviction and the similarities to the offenses for which he was on trial. The testimony regarding the shotgun shells related to other testimony which indicated that appellant's possible motive for returning to the complex was to harass Delores Roberts, a tenant at the Keystone Apartments who also happened to be involved in the 1989 conviction.

Appellant also complains about testimony elicited by the State from Delores Roberts that appellant had been harassing her daughters. The record shows that when appellant initially objected to this testimony, the trial court sustained appellant's objection, excluding the testimony upon the condition that if appellant presented evidence that he had no reason to return to the complex, the State could introduce Roberts' testimony in rebuttal. Appellant argues that he presented no such evidence, and therefore, the court erred in admitting Roberts' testimony on rebuttal. However, appellant failed to object to the testimony on rebuttal. Thus, any error was not properly reserved for review on appeal. *Pryor v. State*, 198 Ga. App. 588 (2) (402 SE2d 338) (1991).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 17, 1993.

*Melinda S. Holloway*, for appellant.
*Keith C. Martin, Solicitor, Jackie N. Stanton, Assistant Solicitor*, for appellee.

