## A94A0134. GRADY v. THE STATE.
(441 SE2d 253)

Blackburn, Judge.

Appellant, Charles Brent Grady, was charged in an accusation with two counts of DUI, leaving the scene of an accident, following too closely, and failure to maintain lane. After a jury trial, Grady was found guilty of leaving the scene of an accident and following too closely. Grady appeals the trial court's denial of his motion for a new trial.

1. In his first enumeration of error, Grady contends that the trial court erred in allowing testimony regarding his general reputation

and character into evidence. Grady asserts that the testimony concerning his marital status, the number of times he was divorced, and the fact that he did not maintain a checking account improperly placed his character in evidence. This testimony was admitted, over defense counsel's objection, during the State's cross-examination of Grady.

"Controlling the scope or extent of cross-examination is a matter resting within the sound discretion of the trial court and, in the absence of an abuse of discretion in controlling the scope or extent thereof, an appellate court will not interfere." (Citations omitted.) *Stephens v. State*, 207 Ga. App. 645, 646 (428 SE2d 661) (1993). The record establishes that Grady's non-responsive answer to the State's question raised the issue of his marital status. Furthermore, we do not agree that testimony indicating that Grady did not maintain a checking account was evidence of bad character. In any event, evidence concerning Grady's financial status was relevant to a possible motive on the charge of leaving the scene of the accident. "If evidence is relevant and material to an issue in a case, it is not inadmissible because it incidentally puts the defendant's character in issue." (Citations and punctuation omitted.) *Pittman v. State*, 207 Ga. App. 895, 897 (429 SE2d 337) (1993). The record does not establish that the trial court abused its discretion.

2. Grady asserts that he did not receive a fair trial as a result of the State's statements to the jury in its closing argument that Grady was a parasite and a coward. Grady argues that the State's comments were improper and inflammatory.

"[I]t is permissible for counsel to draw deductions from the evidence regardless of how illogical and unreasonable, and this is a matter for reply by adverse counsel, not for rebuke by the court. Thus it was for defense counsel to reply to the district attorney's deduction that the [defendant was a parasite and a coward]. If the challenged remark is not such as would be likely to prejudice the defendant's right to a fair trial, such will not constitute reversible error." (Citations and punctuation omitted.) *Rogers v. State*, 205 Ga. App. 739, 744 (423 SE2d 435) (1992). "Moreover, the record discloses that [a] motion for mistrial was not timely made when the impropriety occurred. In such instances, the proper test for reversible error is not whether the argument was objectionable, or even if it might have contributed to the verdict; the test is whether the improper argument in reasonable probability changed the result of trial. [Cits.]" *Bogan v. State*, 206 Ga. App. 696, 701 (426 SE2d 392) (1992). No reasonable probability exists that the alleged improper statements changed the result of the trial.

3. Grady asserts that the trial court's refusal to give his oral request to charge the jury on the provisions of OCGA § 40-6-273 was

error. However, Grady was not charged with violating the duty to report accidents as set out in OCGA § 40-6-273. Furthermore, Grady failed to submit a written request to charge on this Code section. Therefore, the trial court's failure to so charge is not error. *Bullock v. State*, 202 Ga. App. 65 (1) (413 SE2d 219) (1991).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 2, 1994 —
RECONSIDERATION DENIED FEBRUARY 17, 1994.

*Johnson & Benedict, Richard E. Johnson*, for appellant.
*David McDade, District Attorney, Jackie N. Stanton, Assistant District Attorney*, for appellee.