A03A0894. IN THE INTEREST OF J. D. T., a child.
(586 SE2d 748)

ELDRIDGE, Judge.

Following a full hearing in the juvenile court, fourteen-year-old J. D. T. was adjudicated delinquent on three counts of theft by taking a motor vehicle (OCGA § 16-8-2) and two counts of striking a stationary object (OCGA § 40-6-272). A motion for new trial was denied, and he appeals pursuant to the trial court's subsequent grant of an out-of-time appeal. Finding no error, we affirm.

Viewed in the light most favorable to the juvenile court's adjudication,[1] the evidence at trial showed that on Sunday, July 21, 2002, a Mack semi-tractor and trailer was taken from the property of Southern Concrete, and a concrete mixer and a block truck were taken from the adjacent property of Florida Rock Industries ("Florida Rock"). Michael Brinson and Robert Lassiter testified that they observed a semi-tractor and trailer and a block truck parked in the middle of the public road, abutting the property of Southern Concrete and Florida Rock. The block truck was parked to the rear of the semi-tractor and trailer. J. D. T. exited the semi-tractor and trailer and got into the block truck where his twelve-year-old nephew, K. J., was waiting, and the two boys drove the block truck around the semi-tractor and trailer, leaving the semi-tractor and trailer in the middle of the road. Brinson and Lassiter watched as the boys drove the block truck down the road and onto a sandy area, where the block truck became stuck up to its axles in the soft ground. The boys then abandoned the block truck and walked down the train tracks.

Later, Brinson and Lassiter observed the same two boys driving a concrete mixer truck out of Florida Rock and down the public road. The boys struck the semi-tractor and trailer several times with the concrete mixer truck as they attempted to turn the concrete mixer truck around. The boys drove the concrete mixer truck to where the block truck was stuck. Attaching a chain to both vehicles, they attempted to dislodge the block truck. During this procedure, they caused the concrete mixer to collide with the block truck, damaging the front of the block truck. Noting the young age of the boys, Brinson and Lassiter called 911. When police arrived, they observed J. D. T. jumping out of the concrete mixer. His nephew was standing outside the truck by the passenger door. *Held*:

1. J. D. T. alleges that there was a fatal variance between what was alleged in the first count of the delinquency petition and what was proven at trial. In this case, the first count of the delinquency petition alleged that J. D. T. unlawfully took "a 1989 International 4700 with trailer #270, VIN 1HTSCZWMSLH211055, belonging to Southern Concrete with the intent of depriving said owner of said vehicle." J. D. T. alleges that the testimony of Thomas Wenzell, Southern Concrete's trucking supervisor, that the truck stolen from Southern Concrete was a Mack, as opposed to an International, created a fatal variance. We disagree.

"The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *In the Interest of J. M.*, 237 Ga. App. 298 (513 SE2d 742) (1999).

accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense." (Citations and punctuation omitted.) *Dobbs v. State*, 235 Ga. 800, 801-802 (3) (221 SE2d 576) (1976).

*In the Interest of B. C. G.*, 235 Ga. App. 1, 2 (1) (508 SE2d 239) (1998); *De Palma v. State*, 225 Ga. 465, 469-470 (169 SE2d 801) (1969). "Since *De Palma* the trend has been away from overly-technical applications of the fatal variance rule, at least with respect to the *description* or amount of the stolen property." (Citation and punctuation omitted; emphasis supplied.) *Gaskin v. State*, 171 Ga. App. 266, 267 (1) (319 SE2d 482) (1984).

At the delinquency hearing, the evidence showed that, of the three vehicles stolen on July 21, 2002, only one vehicle was a semi-tractor and trailer and that the semi-tractor and trailer was the only vehicle taken from Southern Concrete. The other two vehicles, a block truck and a concrete mixer, were unlawfully taken from Florida Rock. Wenzell, Southern Concrete's trucking supervisor, testified that a semi-tractor and trailer belonging to Southern Concrete was stolen on Sunday, July 21, 2002. Wenzell further testified that it was Southern Concrete's truck number 270; that the tractor was orange in color; that it was left parked on Southern Concrete's property, just east of the shop; and that no one had permission to drive the truck on that Sunday. Additionally, Wenzell testified that the step, the fuel tank, the fenders, and quarter fenders were damaged on the previously undamaged tractor.

When police officers arrived on the scene, the semi-tractor and trailer was still parked in the middle of the public road. Officer Alicia Crain of the Albany Police Department testified that the tractor was orange in color and had Southern Concrete's name on the door and that the semi-tractor and trailer had damage consistent with the damage described by Wenzell and consistent with Brinson's and Lassiter's description of the boys striking the semi-tractor and trailer with the concrete mixer.

> Where there is some evidence descriptive of the stolen property which is substantially conformable to the description alleged in the indictment, and nowhere contradictory thereof, the identity of the stolen property is a matter addressed peculiarly and solely to the jury, and in such

case there is no fatal variance between the allegata and the probata.

(Citation and punctuation omitted.) *Dunbar v. State*, 228 Ga. App. 104, 106-107 (1) (a) (491 SE2d 166) (1997).

There being sufficient evidence in this case to identify the semi-tractor and trailer described in Count 1 of the petition and in the proof at trial as being one and the same, the fact that Wenzell identified the tractor stolen from Southern Concrete as a Mack did not mislead or misinform J. D. T., or leave him subject to subsequent prosecution for the same offense and, thus, was not a fatal variance. See *Hechevarria v. State*, 202 Ga. App. 502, 503-504 (3) (414 SE2d 723) (1992) (no fatal variance where the indictment alleged an Emerson television was stolen and the proof showed the stolen television was a Sharp and that the serial number had been removed); *Graves v. State*, 180 Ga. App. 446, 447-448 (2) (349 SE2d 519) (1986) (no fatal variance where indictment alleged a 1976 Ford LN 700 truck was stolen and proof showed the truck was a 1977 model); *Clark v. State*, 178 Ga. App. 47-48 (1) (341 SE2d 909) (1986) (variance between allegation and proof of vehicle identification number not a fatal variance); *Bain v. State*, 144 Ga. App. 470 (2) (241 SE2d 586) (1978) (variance between allegation and proof of the model of the vehicle not fatal).

2. Further, the evidence was sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to support the juvenile judge's adjudication of delinquency based on all the counts alleged in the petition. Contrary to J. D. T.'s assertion, there was evidence that all three trucks were taken off the owners' properties and were driven on the abutting public road.

Further, J. D. T.'s argument that the only testimony connecting him to the alleged crimes was that of Brinson and Lassiter, which was "draped in suspicion" as both he and K. J. testified at trial that they were innocent and that Brinson and Lassiter actually committed the offenses he was charged with. However, this goes to witness credibility.

In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged.

(Citations and punctuation omitted.) *In the Interest of J. M.*, 237 Ga. App. 298 (1) (573 SE2d 742) (1999); *Jackson v. Virginia*, supra.

Determining the credibility of witnesses and resolving conflicts [go] to the weight of the evidence and [are] for the jury's consideration. This Court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses.

(Citations and punctuation omitted.) *Simmons v. State*, 236 Ga. App. 83, 85-86 (1) (510 SE2d 925) (1999).

"[The juvenile judge, as factfinder,] is authorized to believe or disbelieve all or any part of the testimony of witnesses, and it serves as the arbiter of conflicts in the evidence before it. [Cit.]" *Drake v. State*, 238 Ga. App. 584, 586 (1) (519 SE2d 692) (1999). Here, the juvenile judge evidently disbelieved J. D. T.'s protestations of innocence, which is the factfinder's prerogative.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED AUGUST 25, 2003.

*Robert E. Perrine, Jr.*, for appellant.

*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.