## A05A0495. DICKERSON v. THE STATE.

(615 SE2d 584)

BERNES, Judge.

A Chatham County jury found appellant Karen Denise Dickerson guilty of theft by shoplifting and forgery in the first degree. Dickerson appeals challenging the sufficiency of the evidence to support the jury's verdict. She also contends the trial court erred in admitting evidence that Dickerson was on parole at the time of her arrest.

1. "When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Dean v. State*, 273 Ga. 806, 806-807 (1) (546 SE2d 499) (2001). We review the evidence in the light most favorable to the jury's verdict, giving deference to the jury's determination as to the proper weight and credibility to be given the evidence. Id. at 807 (1). It is the function of the jury, not this Court, to assess the credibility of the witnesses, to resolve conflicting evidence, and to determine the facts. *Butler v. State*, 273 Ga. 380, 382 (1) (541 SE2d 653) (2001).

So construed, the evidence shows that in the early evening hours of January 11, 2004, a loss prevention detective, employed by Rich's Department Store, was monitoring the store's closed circuit television system when he observed Dickerson enter the Men's Clothes Collection of the Rich's Department Store at Oglethorpe Mall. While in Men's Clothes, an area which the detective termed a "high shrink area,"[1] Dickerson "grabbed" two jerseys and a pair of jeans, moved to another part of the store where she hung the items on a clothes rack, and then went upstairs to the next floor. There Dickerson met accomplice Tika Wright. Dickerson waited while Wright made a return and received an exchange which was placed in a shopping bag.

The two women moved downstairs; Dickerson retrieved the two jerseys and pair of jeans and hung a black blazer over them. Wright meanwhile selected a black dress. The two women then went into a dressing room area.

Approximately two minutes later, Dickerson emerged from the dressing room carrying the blazer and the black dress that Wright had brought into the dressing room. She hung both items on a clothes rack. Shortly thereafter, Wright emerged carrying the shopping bag. The two women then joined each other again at the shoe department.

---

[1] The detective explained that the Men's Clothes was an area of the store which had a high loss rate.

In the meantime, a store manager checked the dressing room area and discovered that no merchandise remained in the dressing room.

As the two women were approaching the store exit, loss prevention officers began to converge upon them. Wright saw the officers, went back into the shoe department and "ditched" the shopping bag under a clothing fixture. The shopping bag, which was subsequently recovered, contained the jerseys and jeans which Dickerson had selected and taken to the dressing room.

While Wright was disposing of the shopping bag, Dickerson exited the store and stood on the sidewalk where she was approached and detained by mall security. Both Dickerson and Wright were arrested and transported to the Chatham County Detention Center. Dickerson identified herself to store officials and to Chatham County Deputies as "Kim Johnson." The next day, Dickerson signed a bond for her release in the name of "Kim Johnson."

(a) *Theft by shoplifting.*

A person commits the offense of theft by shoplifting when he alone or in concert with another person, with the intent of appropriating merchandise to his own use without paying for the same or to deprive the owner of possession therefor or of the value thereof, in whole or in part, . . . takes possession of the goods or merchandise of any store or retail establishment.

OCGA § 16-8-14 (a) (1). Dickerson contends that evidence at trial showed only that she was present during the commission of the shoplifting offense. We disagree. Based on the evidence at trial, the jury was authorized to conclude that Dickerson and Wright had conspired to commit the crime of shoplifting, that Dickerson actively participated in the crime by selecting the merchandise to be stolen, by moving the merchandise to another location, by covering the merchandise with a blazer and by then taking the merchandise into the dressing room where Wright placed the merchandise in the shopping bag. The jury was further authorized to conclude that Dickerson tried to cover up the crime by emerging from the dressing room with the blazer and the black dress that Wright had selected. Any rational trier of fact could have found beyond a reasonable doubt that Dickerson and Wright acted in concert to commit the offense of theft by shoplifting. *Jackson v. Virginia,* supra.

(b) *Forgery in the first degree.* "A person commits . . . forgery in the first degree when with intent to defraud he knowingly makes . . . any writing in a fictitious name . . . and utters or delivers such writing." OCGA § 16-9-1 (a). Dickerson contends that the State failed to prove that she acted with requisite intent. The undisputed evidence is that Dickerson executed a criminal bond using a fictitious name in order

to secure her release from the Chatham County Detention Center. "[K]nowingly passing as genuine a forged instrument is conclusive of the intent to defraud." (Punctuation and footnote omitted.) *Collins v. State*, 258 Ga. App. 400, 401-402 (1) (574 SE2d 423) (2002). Any rational trier of fact could have found Dickerson guilty beyond a reasonable doubt of forgery in the first degree. *Jackson v. Virginia*, supra; *Collins v. State*, supra.

2. Dickerson next contends the trial court erred in denying her motion in limine and allowing Dickerson's parole officer to testify at trial. The parole officer testified that Dickerson was on parole at the time of her arrest on January 11, 2003, that he learned of Dickerson's arrest on January 13, 2003, and that shortly thereafter, Dickerson was arrested for a parole violation. The state offered the challenged evidence to show that Dickerson gave a false name to law enforcement officials when she was arrested and forged that name on her criminal bond in order to avoid continued incarceration for a parole violation. "While motive is not an essential element in the proof of [a] crime . . . , the State is entitled to present evidence to establish that there was a motive. . . . Evidence which is relevant to an issue in [the] case is not rendered inadmissible by the fact that it incidentally puts the defendant's character in issue." (Citations omitted.) *Johnson v. State*, 260 Ga. 457, 458 (2) (396 SE2d 888) (1990); *Terrell v. State*, 271 Ga. 783, 787 (7) (523 SE2d 294) (1999); *Jackson v. State*, 262 Ga. App. 451, 455 (5) (585 SE2d 745) (2003), overruled on other ground, *Carter v. State*, 266 Ga. App. 691, 693 (2) (598 SE2d 76) (2004). Accordingly, the trial court did not err in admitting the challenged evidence.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JUNE 2, 2005.

*Diane M. McLeod*, for appellant.
*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney*, for appellee.