## A05A2303. WEGMAN-FAKUNLE v. THE STATE.
(626 SE2d 170)

BERNES, Judge.

Following a jury trial, Olufunke Wegman-Fakunle was convicted of one count of theft by shoplifting. Wegman-Fakunle appeals her conviction, arguing that (1) the trial court erred in admitting photographic evidence at trial, and (2) the trial court erred in refusing to direct a verdict for appellant because of an alleged variance between the accusation made against her and the evidence presented at trial. Finding that Wegman-Fakunle's arguments lack merit, we affirm.

Viewed in the light most favorable to the verdict, *Green v. State*, 244 Ga. App. 565 (1) (536 SE2d 240) (2000), the evidence at trial showed the following: On May 4, 2004, Wegman-Fakunle was shopping at a Kroger grocery store, where a Kroger employee observed her walking through an aisle carrying two boxes of medicine. The same employee watched as Wegman-Fakunle briefly went around the corner and returned, no longer holding the medicine. After being approached and questioned by the employee, Wegman-Fakunle took one box of Nyquil liquid gel caps and one box of Alavert allergy medicine out of her purse. The security tabs had been removed from both boxes.

The employee escorted Wegman-Fakunle to the management office, wherein the manager called the police and photographed the medicine boxes. A police officer arrested Wegman-Fakunle after taking statements from both the Kroger employee and manager.

The formal accusation charged appellant with the offense of theft by shoplifting, alleging that she "conceal[ed] merchandise, to wit: 1 (one) bottle of Nyquil, and 1 (one) box of Alavrt [sic] [a]llergy medication."

1. In her first enumeration of error, Wegman-Fakunle argues that the trial court erred when it admitted photographs of the stolen boxes taken by the Kroger manager, as opposed to the boxes themselves. She contends that the State did not lay a proper foundation for admission of the photographs in light of "deep discrepancies" in the testimony, i.e., Wegman-Fakunle's denial that she had placed the medicine in her purse or removed the security tabs, and her denial that the medicine depicted in the photographs was the medicine that she had handled at all. She uses the fact that the accusation states that she took a "bottle of Nyquil," as opposed to a box of Nyquil, to further support her position.

Foundation is properly laid for the admission of a photograph by showing "it is a fair and accurate representation of the [thing] depicted. Any witness who is familiar with the scene depicted can authenticate the photograph; it is not necessary that the witness be the photographer or even that the witness have been present when the photograph was taken." (Citation omitted.) *Isaacs v. State*, 259 Ga. 717, 732 (26) (386 SE2d 316) (1989); *Pless v. State*, 247 Ga. App. 786, 787 (2) (545 SE2d 340) (2001). Moreover, "[t]he quantum of evidence required to sufficiently identify photographs as true and accurate representations of what they purport to depict is a matter within the discretion of the court," and the trial court's decision will not be overturned absent an abuse of discretion. (Citation and punctuation omitted.) *Gibbs v. Abiose*, 235 Ga. App. 214, 218 (6) (508 SE2d 690) (1998).

Here, the Kroger manager testified that she had taken the photographs of the medicine boxes that the employee testified had been in Wegman-Fakunle's purse, and that the pictures "fairly and accurately represent what those items looked like at the time." Indeed, Wegman-Fakunle herself testified that the photographs depicted "the type of medicine I got." This testimony was sufficient to establish a foundation for admission of the photographs. See *Pless*, 247 Ga. App. at 787 (2).

Wegman-Fakunle's arguments with respect to the discrepancies between her testimony and that of the Kroger staff go to the credibility of the witnesses, as opposed to the admissibility of the evidence, and lie squarely with the jury. "It is the function of the jury, not this Court, to assess the credibility of the witnesses, to resolve conflicting evidence, and to determine the facts." *Dickerson v. State*, 273 Ga. App. 499, 499 (1) (615 SE2d 584) (2005). Likewise, her argument that the actual medicine boxes, as opposed to pictures of the boxes, should have been admitted is a "best evidence" argument, which applies only to documentary evidence, not to photographs. *Gibbs*, 235 Ga. App. at 218 (6). Accordingly, the trial court did not err when it admitted the photographs in question.

2. Wegman-Fakunle next contends that the discrepancy between the formal accusation, which alleged that she took a bottle of Nyquil, and the evidence adduced at trial, which showed that she actually took a box of Nyquil, constitutes a fatal variance that demands reversal. We disagree.

"Not every variance in proof from that alleged in the indictment is fatal." (Citations and punctuation omitted.) *Glass v. State*, 199 Ga. App. 530, 531 (1) (405 SE2d 522) (1991). The essential test is to determine whether: (1) the accused was definitely informed as to the charges against her so that she was able to present her defense and not be taken by surprise by the evidence presented at trial; and (2) the accused is protected against another prosecution for the same offense. *DePalma v. State*, 225 Ga. 465, 469 (3) (169 SE2d 801) (1969); *In the Interest of J. D. T.*, 262 Ga. App. 860, 861-862 (1) (586 SE2d 748) (2003). In essence, "[t]he true inquiry is whether there has been such a variance as to affect the substantial rights of the accused." (Citation and punctuation omitted.) *Glass*, 199 Ga. App. at 531 (1). In cases of theft, variances with respect to the description or amount of stolen property are generally not fatal. *In the Interest of J. D. T.*, 262 Ga. App. at 862 (1); *Hechevarria v. State*, 202 Ga. App. 502, 503-504 (3) (414 SE2d 723) (1992).

The variance between Wegman-Fakunle having been accused of taking a bottle of Nyquil, as opposed to a box of Nyquil, amounts to a minor variance related to the description of the stolen property and

did not subject her to any of the dangers set forth above. Wegman-Fakunle was not misled or otherwise prejudiced by the variance, particularly in light of her admission that the medicine pictured was "the type of medicine I got." See *In the Interest of J. D. T.*, 262 Ga. App. at 862 (1); *Hechevarria*, 202 Ga. App. at 503-504 (3). Accordingly, Wegman-Fakunle's claim is without merit.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

## DECIDED JANUARY 10, 2006.

*Noel L. Hurley, Tanis R. Miller*, for appellant.

*Charles A. Spahos*, Solicitor-General, *Jefferson F. Upchurch*, Assistant Solicitor-General, for appellee.