A10A2207. IN THE INTEREST OF D. M., a child.
(704 SE2d 479)

JOHNSON, Judge.

After an adjudicatory hearing, the Juvenile Court of Spalding County found that D. M. was delinquent for committing the designated felony offense of aggravated assault. D. M. appeals, challenging the sufficiency of the evidence. The challenge is without merit, and we thus affirm the judgment of the juvenile court.

> In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged. Thus, the standard of review on appeal in a case of adjudication of delinquency of a juvenile is the same as that for any criminal case. In reviewing such cases, we do not weigh the evidence or determine witness credibility.[1]

Construed in favor of the juvenile court's adjudication, the evidence shows that 15-year-olds D. M. and J. T. had been friends, but had a falling out after a fight at school. On the night of June 8, 2009, J. T. encountered D. M. as he walked by his house. As J. T. approached, D. M. pulled a handgun from his pants and began shooting at J. T. One of the bullets struck J. T. in the neck, paralyzing him. Police officers arrived at the scene, and J. T. identified D. M. as the person who had shot him. D. M. was subsequently apprehended, and gave a statement to police in which he admitted the shooting, but claimed that he had fired only after J. T. had swung a black stick

---

[1] (Citation and punctuation omitted.) *In the Interest of J. L. H.*, 289 Ga. App. 30 (656 SE2d 160) (2007).

at him. J. T. denied that he had a stick, and no such weapon was found by the police at the scene of the shooting.

D. M. argues that the juvenile court judge was required to find that the shooting was justified based on his claim that he fired in self-defense after seeing the alleged stick. However,

> [t]he juvenile judge, as factfinder, is authorized to believe or disbelieve all or any part of the testimony of witnesses, and it serves as the arbiter of conflicts in the evidence before it. Here, the juvenile judge evidently disbelieved [D. M.'s] protestations of innocence [and claim of self-defense], which is the factfinder's prerogative.[2]

As it is not this court's role to reweigh the evidence to place greater credence in the justification defense than did the juvenile court, we conclude that the adjudication of delinquency is supported by sufficient evidence.[3]

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

### DECIDED DECEMBER 9, 2010.

*Kimberly A. Gross*, for appellant.

*Scott L. Ballard, District Attorney, Christy R. Jindra, Robert W. Smith, Jr., Assistant District Attorneys*, for appellee.

---

[2] (Citations and punctuation omitted.) *In the Interest of J. D. T.*, 262 Ga. App. 860, 864 (2) (586 SE2d 748) (2003).

[3] See *Carter v. State*, 303 Ga. App. 142, 144 (1) (692 SE2d 753) (2010).